COHEN, APPELLANT, *v.* KROGER
COMPANY, APPELLEE.

(No. 82AP-160—Decided
August 31, 1982.)

*Messrs. Lamkin & Vickery, Mr. Lawrence A. Riehl* and *Mr. Mitchell Alter,* for appellant.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr. Vincent J. Lodico* and *Mr. William Johnston,* for appellee.

COOK, J. On June 8, 1980, appellant, Maurice Cohen, filed a complaint against appellee, the Kroger Company, for injuries suffered by him in appellee's store, while shopping there, when he slipped and fell on some cottage cheese which had been spilled on the floor.

After appellee filed an answer, it filed a motion on October 27, 1981, for summary judgment, "based upon the plead-ings, affidavits and memorandum of law as well as depositions filed with the court." Appellant filed no evidence contra the motion for summary judgment.

On February 9, 1982, the trial court granted appellee's motion for summary judgment.

Appellant has filed an appeal from the judgment of the trial court and has filed the following assignment of error:

"The trial court erred as a matter of law and as a matter of fact in sustaining the defendant's motion for summary judgment and dismissing plaintiff's complaint."

The assigned error is well-taken.

Civ. R. 56(C) states:

"Motion and proceedings thereon. The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party prior to the day of hearing may serve and file opposing affidavits. Summary judgment shall be rendered *forthwith* if the pleading, depositions, *answers* to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages." (Emphasis added.)

In the instant cause, there is a genuine issue as to a material fact. In support of its motion for summary judgment, ap-

pellee filed an affidavit of Jerry Fortner, a clerk in appellee's store, in which he stated that no more than two minutes elapsed from the time he was told by a customer that she had spilled some cottage cheese on the floor until appellant fell. During this period of time, Fortner stated that he was getting the necessary implements to clean up the spill.

However, in the deposition of appellant, the following examination appears:

"Q. So the cottage cheese was somewhere on the floor right next to where you were standing?

"A. Right. The boy even came up and said to me, 'I should have gotten this up five minutes ago and this wouldn't have happened.'"

In granting appellee's motion for summary judgment, the trial court relied on *Johnson* v. *Wagner Provision Co.* (1943), 141 Ohio St. 584 [26 O.O. 161], which, in paragraph three of the syllabus, held:

"In the situation where a store customer is injured as a result of slipping on a greasy substance dropped on the floor by another customer, it must be established as a prerequisite to recovery against the storekeeper (1) that he or one of his employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly, or (2) that the danger had existed for a sufficient time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."

The trial court concluded, as a matter of law, that, "as only two minutes elapsed between notice and arrival of the produce clerk at the spill with implements necessary to remove the hazard," appellee exercised ordinary care.

However, the genuine issue of the material fact as to the amount of time which elapsed from notice to appellee of the spill, and the arrival of the clerk to clean it up, precludes the trial court from rendering summary judgment pursuant to Civ. R. 56(C).

Judgment is reversed, and the cause is remanded for further proceedings according to law.

*Judgment reversed and cause remanded.*

STRAUSBAUGH and REILLY, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting by assignment in the Tenth Appellate District.