COMBS, Appellant,

v.

**FIRST NATIONAL SUPERMARKETS, INC., Appellee.**

[Cite as *Combs v. First Natl. Supermarkets, Inc.* (1995), 105 Ohio App.3d 27.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 67778.

Decided June 26, 1995.

*Denio A. Leone,* for appellant.

*Baran, Piper, Tarkowsky & Fitzgerald* and *John P. Calandra,* for appellee.

PATTON, Chief Justice.

Plaintiff-appellant, Evelyn Combs, appeals from the trial court's granting the motion for summary judgment of defendant-appellee, First National Supermarkets, Inc.

It is undisputed that on March 1, 1993, appellant slipped and fell on a clear liquid on the floor of the main aisle of a Finast grocery store located in Cleveland, Ohio, injuring her hip. The main aisle is at right angles to the cash registers and the majority of the aisles.

A witness, Thomas Dinger, testified during deposition that he saw appellant fall. Dinger also stated that he noticed a cup lying on its side about ten to fifteen feet from the liquid on the floor. The liquid was clear and difficult to see.

William Maher, Finast's assistant store manager, stated during deposition that he inspected the entire store for spills every hour on March 1, 1993. Maher testified that the last time he inspected the main aisle before the appellant fell

was most likely around 4:00 p.m. Maher also noted from the accident report that appellant fell at approximately 4:15 p.m.

Richard Crawford, a shopper at Finast on March 1, 1993, stated the following in his affidavit, which was attached to appellant's motion in opposition to Finast's motion for summary judgment:

"4. Sometime after I arrived I saw a puddle of what looked like a clear liquid closer to the end of the main aisle, not far from the checkout counters.

"5. I continued shopping and sometime later I became aware that a lady had slipped and fell on the same puddle that I saw earlier.

"6. I believe that the liquid on the floor was there for about 15 or 20 minutes from the time I first saw it until the time the lady had her accident and fell."

Finast filed a motion to strike this affidavit with the trial court based on Civ.R. 26(E) and 56(E). After the trial court granted Finast's motion for summary judgment, the trial court ruled Finast's motion to strike as moot.

Appellant's sole assignment of error states:

"The trial court erred in granting summary judgment as there exists a genuine issue of material fact as to whether defendant–appellee had constructive notice of the hazard reasonable to justify the inference that the failure to remove the hazard or warn against it was attributable to negligence."

Appellant maintains that the trial court erred when it granted Finast's motion for summary judgment because a genuine issue of material fact exists as to whether Finast had constructive notice of the hazard and whether the failure to remove the hazard therefore constituted negligence. Specifically, appellant asserts that she presented evidence which showed that Finast had constructive notice that the liquid was on the floor, and that therefore summary judgment should not have been granted.

The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:

"1. That the defendant through its officers or employees was responsible for the hazard complained of; or

"2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or

"3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Johnson v. Wagner Provision Co.* (1943), 141 Ohio St. 584, 589, 26 O.O. 161, 163, 49 N.E.2d 925, 928.

Moreover, *Anaple v. Std. Oil Co.* (1955), 162 Ohio St. 537, 55 O.O. 424, 124 N.E.2d 128, paragraph one of the syllabus, states that in a case like this the plaintiff must prove the following:

"1. That the nature, size, extent and location of such grease spot involved a potential hazard to customers, sufficient to justify a reasonable conclusion that the duty of ordinary care, which the operator of such service station owes to his customers, would require such operator to prevent or remove such a grease spot or to warn his customers about it, and

"2. (a) That such sufficient potential hazard was created by some negligent act of the operator of the service station or his employees, or

"(b) That such operator or his employees had, or should in the exercise of ordinary care have had, notice of that potential hazard for a sufficient time to enable them in the exercise of ordinary care to remove it or to warn customers about it."

█ In the present case, the issue is whether a fifteen-to-twenty-minute period in which clear liquid lies on a floor is sufficient to allow an inference that the store had constructive notice of the spill. The standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed. *Id.* at 541, 55 O.O. at 426, 124 N.E.2d at 130. This court has consistently followed *Anaple* and held that evidence of how long the hazard existed is mandatory in establishing a duty to exercise ordinary care. *Powers v. First Natl. Supermarkets* (June 12, 1991), Cuyahoga App. No. 61005, unreported, 1991 WL 106060.

█ It is axiomatic that a motion for summary judgment will be granted only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Summary judgment will not be granted unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the party against whom the motion is made. In reviewing a motion for summary judgment, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 4 O.O.3d 466, 364 N.E.2d 267.

█ Moreover, upon motion for summary judgment pursuant to Civ.R. 56, the burden of establishing that material facts are not in dispute and that no genuine issue of fact exists is on the party moving for summary judgment. *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47–48. However, in that Civ.R. 56(E) requires that a party set forth specific facts showing that there is a genuine issue for trial, a party must do so if

he is to avoid summary judgment. *Van Fossen v. Babcock & Wilcox Co.* (1988), 36 Ohio St.3d 100, 522 N.E.2d 489, at paragraph seven of the syllabus.

Viewing the underlying facts in a light most favorable to the appellant we conclude there exists a genuine issue of material fact. We believe that appellant has produced evidence which showed the length of time the spill was on the main aisle. Therefore, the appellant has satisfied the tests set forth in *Johnson* and *Anaple, supra.* We hold that, with respect to the facts in this case, the issue of whether a spill on the main aisle of a grocery food store for fifteen minutes constitutes constructive notice is a question of fact for a jury. See, also, *Cohen v. Kroger* (1982), 8 Ohio App.3d 21, 22, 8 OBR 22, 23, 455 N.E.2d 1013, 1014–1015.

Accordingly, appellant's sole assignment of error is sustained.

*Judgment accordingly.*

MATIA and O'DONNELL, JJ., concur.