Plaintiff-appellants, Violet Boswell and her husband, Thomas,[1] appeal an entry by the Clermont County Court of Common Pleas granting a motion for summary judgment filed by defendant-appellee, Hyper Shoppes dba Bigg's. We affirm.
At approximately 3:20 p.m. on August 1, 1995, Violet was grocery shopping with her children at appellee's store located at 4450 Eastgate Boulevard, Cincinnati, Ohio. Violet was unloading her groceries onto the counter in checkout lane twenty-nine when the cashier informed her that the lane was closing, but that lane thirty was opening. Lane thirty had been closed for about one half hour, but was being reopened. Violet put her groceries back into her cart and moved to lane thirty. She was in front of the cart while her daughter pushed it from behind.
As her daughter began to unload the cart, Violet slipped between the candy and magazine racks. The cashier at lane thirty, Carol Hurt ("Hurt"), immediately checked on Violet and noticed small puddles of water on the floor. Hurt immediately called housecleaning, which mopped up the water and left a sign to warn of a potential hazard. As a result of the fall, Violet suffered a fractured left ankle and torn ligaments in her right knee. She has had two operations to date in an attempt to repair her knee.
On January 24, 1997, appellants filed a complaint in the trial court for personal injuries against appellee. Appellee answered on March 4, 1997. During discovery, Hurt was deposed and testified that she had not inspected the lane before beginning to open her register, even though appellee's store policy required its employees to regularly check the lanes for hazards. Discovery revealed no evidence as to how long the water had been on the floor, or how it got there. In addition, there was no evidence as to whether any of appellee's employees had seen the water before Violet's fall.
On February 13, 1998, appellee filed a motion for summary judgment, accompanied by a deposition by Violet. On March 10, appellee filed Hurt's deposition. Appellants filed a memorandum in opposition on March 16, 1998 and appellee filed a reply memorandum on March 25. The parties submitted their memorandums to the trial court without oral argument, and the trial court granted appellee's motion for summary judgment on July 12, 1998. The trial court found that appellants had failed to establish how long the water had been on the floor, an element of establishing constructive notice, and that there was therefore no evidence as to appellee's actual or constructive knowledge of the hazard prior to Violet's fall.
Appellants timely appealed and raise as their sole assignment of error that the trial court erred in granting appellee's motion for summary judgment. Appellants argue that appellee should have been charged with constructive notice of the water hazard because appellee should have noticed the water through the exercise of reasonable care. We disagree.
Pursuant to Civ.R. 56(C), the trial court may grant summary judgment where there is no genuine issue as to any material fact. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344,346. Summary judgment will be granted if reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made. Id. An issue of fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Link v. Leadworks Corp. (1992), 70 Ohio App.3d 735, 741. A dispute of fact is "material" if it affects the outcome of the litigation, and is "genuine" if demonstrated by substantial evidence going beyond the allegations of the complaint. Burkes v. Stidham (1995), 107 Ohio App.3d 363, 371.
In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v. Dayton Power Light Co. (1998), 82 Ohio St.3d 482,485. Further, "the inferences to be drawn from the underlying facts contained in the evidentiary materials, such as affidavits and depositions, must be construed in a light most favorable to the party opposing the motion." Id., citing Turner v. Turner (1993), 67 Ohio St.3d 337, 341.
In reviewing the moving party's motion, a trial court should award summary judgment with caution. Welco, 67 Ohio St.3d at 346. Nevertheless, a summary judgment is appropriate where a plaintiff fails to produce evidence supporting the essential elements of his claim. Id.
In determining whether the plaintiff demonstrated the elements of his claim, an appellate court must independently review the record to determine if summary judgment was appropriate. Therefore, an appellate court affords no deference to the trial court's decision while making its own decision. Beardsley v. Manfredi Motor Transit Co. (1994), 97 Ohio App.3d 768, 769.
To establish a negligence claim, appellants must show that appellee had a duty of care and breached that duty of care, and that the breach proximately caused injury to appellants. Sedar v. Knowlton Constr. Co. (1990), 49 Ohio St.3d 193, 198, overruled on other grounds, Brennaman v. R.M.I. Co. Bechtel Group, Inc. (1994), 70 Ohio St.3d 460, 467, amended (1994), 71 Ohio St.3d 1211. The parties agree that Violet was an invitee at appellee's store and that appellee had a duty of ordinary and reasonable care to keep the premises in a reasonably safe condition. Patete v. Benko (1986), 29 Ohio App.3d 325, 328. In order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the plaintiff-invitee must establish:
 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn was attributable to a want of ordinary care.
Baudo v. Cleveland Clinic Found. (1996), 113 Ohio App.3d 245,248, quoting Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589. The standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed. Combs v. First Natl. Supermarkets, Inc. (1995),105 Ohio App.3d 27, 30, appeal not allowed (1995), 74 Ohio St.3d 1422, citing Anaple v. Std. Oil Co. (1955), 162 Ohio St. 537,541. Thus, evidence of how long the hazard existed is mandatory in establishing a duty to exercise reasonable care. Combs,105 Ohio App. 3d at 30.
Viewing the underlying facts in a light most favorable to appellants, we conclude that there does not exist any genuine issue of material fact. Appellants did not present evidence of the length of time that the water was on the floor in the lane or how it got there. Although appellants presented evidence that the lane was closed thirty minutes earlier, that fact does not lead to an inference of whether appellee had sufficient time to take notice of the hazard. How long the lane was closed does not establish how long the water was on the floor. Without proof that the water was present for any period of time sufficient for appellee to take notice, appellants have failed to satisfy the tests set forth in Johnson and Anaple, supra. Therefore, no issue of material fact existed as to whether appellee had constructive notice about the water which caused appellants' injuries.
We thus find that the trial court did not err in granting summary judgment in favor of appellee. Appellants' sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.
[1] When referred together, the Boswells will be referred to as "appellants." When referred to personally, Violet Boswell will be referred to as "Violet."