OPINION AND JUDGMENT ENTRY
This accelerated appeal from the Wood County Court of Common Pleas arises from the grant of summary judgment to appellees, Ameristop Food Mart and Ohio Valley AFM, Inc. Appellants, Robert L. Stevenson and Doris Stevenson, assign the following as error in the proceedings below:
 "The Appellants Set Forth A Prima Facie Case Under Johnson v. Wagner Provision Co. (1943), [sic] Ohio St. 584, And, As A Result, The Trial Court Erred In Granting the Appellees' Motion For Summary Judgment."
On April 27, 1996, appellant, Robert L. Stevenson, fell in an Ameristop Food Mart and injured his shoulder. Although he did not see any substance on the floor prior to his fall, Mr. Stevenson's trousers were wet after the fall. He therefore believed that a puddle of water caused the accident.
Kimberly Gronbach, an Ameristop employee was standing near Mr. Stevenson when he fell. She stated that she did not see water or any other substance on the floor either before or after the fall. Even though she admitted that the drain from the produce case "backed up" about every six months causing a small puddle in the area where Mr. Stevenson fell, she maintained that the drain had not caused a problem on April 27, 1996. She claimed that she saw Mr. Stevenson stumble before he fell. Ms. Gronbach's daughter, Ann, was also present at the time of Mr. Stevenson's fall. Ann did not see water or any other substance on the floor.
In moving for summary judgment, appellees asserted that appellant failed to offer evidence that appellees or any of their employees had actual knowledge of a hazard in the area where Mr. Stevenson fell or evidence that the hazard had existed for a sufficient length of time to reasonably justify the inference that the failure to warn customers was attributable to a want of ordinary care.
The depositions of Deborah and Ann Gronbach were offered in support of the motion, as well as the affidavit of the store manager, Gary Zies. Zies averred that he routinely walked all areas of the store on a regular basis. He attested that both before and after the plaintiff's fall on April 27, 1996, he was neither aware of nor saw any moisture on the floor in the area where the fall occurred.
In their memorandum in opposition, appellants contended that a question of fact existed as to whether the drainage from the produce case cause the hazard (water), that appellees had actual and prior knowledge of the fact that the drain from the case was defective and thus had actual knowledge of the water and that, therefore, a question of fact existed as to whether appellees knew of the hazard and neglected to remove it and/or warn their customers of its existence.
Based on Johnson, supra, the trial court found that there was no evidence that any Ameristop employee had knowledge of any water on the floor on April 27, 1996. The court further held: "there is absolutely no evidence that the drain clogged that day. * * * The theory that the water on which the plaintiff slipped came from a clogged produce drain is clearly speculative and conjectural." Finding that reasonable minds could only come to one conclusion on the facts offered, the trial court granted appellees' motion for summary judgment.
Appellants make the same arguments on appeal as they did in the trial court. For the following reasons, we find these arguments are without merit.
This court engages in a de novo review of the lower court's grant of summary judgment. Brown v. Scioto Bd. of Commrs.
(1993), 87 Ohio App.3d 704, 711. Civ.R. 56(C) provides that summary judgment can be granted only if (1) no genuine issue of material fact remains to be litigated; (2) viewing the evidence in a light most favorable to the nonmoving party, reasonable minds can reach but one conclusion and that conclusion is adverse to the nonmoving party; (3) the moving party is entitled to summary judgment as a matter of law. Horton v. Harwick Chem. Corp.
(1995), 73 Ohio St.3d 679, paragraph three of the syllabus. The party moving for summary judgment under Civ.R. 56 bears the burden of showing that there is no genuine issue of material fact on the essential elements of the nonmoving party's claim. Dresher v.Burt (1996), 75 Ohio St.3d 280, 293. If the moving party satisfies this burden, the nonmoving party has a reciprocal burden, as outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Id. at 293.
Mr. Stevenson was a business invitee of Ameristop on April 27, 1996. Thus, Ameristop owed him a duty of ordinary care to maintain its premises in a reasonably safe condition so that he was not unnecessarily and unreasonably exposed to danger. Paschalv. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203; Keiser v.Giant Eagle, Inc. (1995), 103 Ohio App.3d 173, 176. A business invitee must show in a slip and fall negligence case against a proprietor that (1) the proprietor caused the hazard; or (2) the proprietor or one of its employees had actual knowledge of the hazard and neglected to give adequate notice of its presence or to remove it promptly; or (3) the danger presented by the hazard had existed for a reasonably sufficient time to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Johnson v.Wagner Provision Co., 141 Ohio St. at 589; Orndorffv. Aldi, Inc. (1996), 115 Ohio App.3d 632, 635-636. The standard for determining sufficient time to allow the exercise of ordinary care requires evidence of how long the hazard existed.Combs v. First Nat'l. Supermarkets, Inc. (1995), 105 Ohio App.3d 27,30, citing Anaple v. Std. Oil Co. (1955), 162 Ohio St. 537,541. Thus, evidence of how long the hazard existed is mandatory in establishing a duty to exercise reasonable care. Combs v.First Nat'l. Supermarkets, Inc., 105 Ohio App.3d at 30.
Viewing the evidence offered in a light most favorable to appellants, we must conclude that Mr. Stevenson slipped on water on the floor of the Ameristop. Nonetheless, appellants offered no evidence of how the water on the floor came to be or when it occurred. They assert that because appellees (through their employee) were aware that the produce case drain was defective, a question of fact exists as to whether the produce case drain "backed up" or clogged on the day in question causing water to accumulate on the floor and as to whether appellees were aware of this fact. This is pure speculation and an impermissible inference. All that can be inferred from the admission is that appellees had knowledge of the fact that the drain clogs approximately every six months. However, one cannot infer from the admission that the drain clogged, causing a puddle of water to form, on a particular day or that appellees had actual knowledge of this occurrence. The only evidence offered through the deposition testimony of Kimberly Gronbach and affidavid of Gary Zies was that the drain did not clog on April 27, 1996 and that the employees were unaware of any water on the floor. Furthermore, no facts were offered as to the length of time that the water was on the floor. Therefore, no evidence was presented upon which to justify the inference that the failure to warn against it or remove it was attributable to a lack of ordinary care. Accordingly, we find the trial court did not err in determining that no genuine issue of material fact existed and that reasonable minds could only conclude that appellees were entitled to summary judgment as a matter of law. Appellants' sole assignment of error is found not well-taken.
The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal.
JUDGMENT AFFIRMED.
Melvin L. Resnick, J., James R. Sherck, J., Mark L.Pietrykowski, J., concur.