This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Gloria Patterson ("Patterson") appeals from the decision of the Summit County Court of Common Pleas granting summary judgment in favor of Appellee, Canal Place, Ltd. ("Canal Place"). This Court affirms.
Patterson was an employee of Bank One Corporation which is located in a building owned and maintained by Canal Place. Patterson claims she was injured as she exited the elevator on the fifth floor of the building and tripped on a "scrunched up" floor mat. Canal Place had placed a "heavy-duty" mat there to absorb moisture during the winter months, as the area was heavily traveled.
Patterson filed a complaint alleging negligence on the part of Canal Place. After depositions of Patterson and Canal Place's maintenance employees, Canal Place moved for summary judgment. The trial court granted the motion. Patterson timely appealed and has raised two assignments of error for review. Since both assignments of error challenge the propriety of the summary judgment, we will address them concurrently for ease of discussion.
 ASSIGNMENT OF ERROR I THE COURT OF COMMON PLEAS ERRED AS A MATTER OF LAW BY REQUIRING THAT [PATTERSON] PRESENT EVIDENCE OF [CANAL PLACE'S] ACTUAL KNOWLEDGE, OR CONSTRUCTIVE NOTICE OF THE PRESENCE OF THE INSTRUMENTALITY OF [PATTERSON'S] INJURY.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN ITS GRANTING OF SUMMARY JUDGMENT ON BEHALF OF [CANAL PLACE], AS THE EVIDENCE SUBMITTED DEMONSTRATES THAT GENUINE ISSUES OF MATERIAL FACT EXIST WITH RESPECT TO WHETHER [CANAL PLACE] HAD ACTUAL OR CONSTRUCTIVE KNOWLEDGE OF THE HAZARDOUS CONDITION IN ITS BUILDING.
In her first assignment of error, Patterson argues that summary judgment was improper since the trial court failed to consider whether Canal Place was responsible for creating a hazard by the placement of the mat in question. In her second assignment of error, Patterson contends genuine issues of material fact remain as to whether Canal Place had actual or constructive notice of the alleged hazardous condition.
Pursuant to Civ.R. 56(C), summary judgment is proper if:
 (1) No genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327. An appellate court's review of a lower court's entry of summary judgment is de novo, and, like the trial court, it must view the facts in the light most favorable to the non-moving party. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Any doubt must be resolved in favor of the non-moving party. Viock v. Stowe-Woodward Co. (1983), 13 Ohio App.3d 7,12.
The party seeking summary judgment bears the initial burden of informing the trial court of the basis for the motion and identifying portions of the record that demonstrate an absence of genuine issues of material fact as to an essential element of the non-moving party's claims. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293. The movant must point to some evidence in the record of the type listed in Civ.R. 56(C) in support of the motion. Id. If the moving party meets this burden of proof, the burden then shifts to the non-moving party, as set forth in Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id. The non-moving party may not rest upon the mere allegations and denials in the pleadings, but instead must point to or submit some evidentiary material that shows a genuine dispute over the material facts exists. Id.; Civ.R. 56(E).
A plaintiff alleging negligence must prove that the defendant owed plaintiff a duty, the defendant breached that duty, the plaintiff suffered harm, and the harm was proximately caused by the defendant's breach of duty. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. Whether a duty exists is a question of law for the court. Id.
In the case at bar, the record reveals that Patterson was a business invitee of Canal Place. As such, it owed Patterson a duty of ordinary care to maintain its premises in a reasonably safe condition so that she would not be unnecessarily and unreasonably exposed to danger. Orndorffv. Aldi, Inc. (1996), 115 Ohio App.3d 632, 636. In order for Patterson to recover damages from a slip and fall accident as a business invitee, the following must be established:
 1. That [Canal Place] through its officers or employees was responsible for the hazard complained of; or
 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.
Combs v. First Natl. Supermarkets, Inc. (1995), 105 Ohio App.3d 27,29 citing Johnson v. Wagner Provision Co. (1943), 141 Ohio St. 584,589.
The record shows that Canal Place had the mat trimmed to better fit into the alcove of the elevator. It was installed with a solvent, called Mat Tack, which prevented it from slipping. Prior to the use of this adhesive, the mat had been moving or walking. However, the record indicates that once the mat was secured with Mat Tack, it greatly reduced its movement. At the time of Patterson's fall, the rug was secured with Mat Tack. Canal Place never received any complaints of the rug becoming "scrunched up."
Patterson's testimony indicates that she had not seen the mat in question scrunched up prior to the day of her fall. She also stated that she did not know who or what caused the mat to be scrunched up or how long it had been that way. According to Patterson, at the time of her fall the mat did not appear to be defective.
While Canal Place did place the mat on the floor outside the elevator, this fact alone is not sufficient to give rise to the inference that a hazardous condition was created. The record needed to show some other fact, in addition to the mere existence of the mat, to establish that Canal Place was responsible for creating a hazardous condition.
Additionally, the record does not indicate that Canal Place had actual knowledge of the existence of the "scrunch" in the mat. Nor is there any evidence as to how long the scrunch existed from which a trier of fact could infer that Canal Place had constructive notice of the condition. In sum, the record does not establish any one of the three possible methods of demonstrating a breach of duty in a slip and fall case as required by Combs.
There being no genuine issue of material fact on the question of Canal Place's negligence, the trial court properly granted summary judgment. Patterson's first and second assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for these appeals.
We order that a special mandate issue out of this Court, directing the County of Summit, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
 ___________________________ DANIEL B. QUILLIN
BATCHELDER, P. J., WHITMORE, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Section 6 (C), Article IV, Constitution.)