DECISION AND JUDGMENT ENTRY
This case on our accelerated calendar is before the court on appeal from the Lucas County Court of Common Pleas, which granted summary judgment in favor of appellee The Anderson's, Inc. in this premises liability case. Pursuant to 6th Dist.Loc.R. 12(B), we sua sponte remove this case from our accelerated calendar. For the reasons that follow, we affirm the decision of the Lucas County Court of Common Pleas.
It is undisputed that appellant Cynthia Sue Williams, appellee's business invitee, slipped on an orange peel while shopping at appellee's premises on Monroe Street in Toledo, Ohio. It is also undisputed that appellee was offering orange samples in the produce department on the day of appellant's fall, and appellant presented the affidavit testimony of her companion that he saw orange peels on the floor of the produce department. However, appellant did not fall in the produce department; she fell several aisles away from the produce department while shopping for an artificial Christmas tree. Appellant appeals from the trial court's decision to grant summary judgment to appellee, setting forth the following assignment of error:
"Assignment of Error No. 1
 "The Trial Court erred when it granted Summary Judgment in favor of Appellee when the record contained evidence that Plaintiff-Appellant slipped and suffered injury from a hazard created by Defendant-Appellee."
We review this assignment of error de novo. Conley-Slowinski v. SuperiorSpinning (1998), 128 Ohio App.3d 360, 363, discretionary appeal not allowed (1998), 83 Ohio St.3d 1464. A movant is entitled to summary judgment pursuant to Civ.R. 56(C) when he or she demonstrates:
 "* * * that there is no issue as to any material fact, that the moving party is entitled to judgment as a matter of law, and that reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party." Miller v. Bike Athletic Co. (1998), 80 Ohio St.3d 607, 617.
Generally, a business owner owes its invitees a duty of ordinary care to maintain the premises in a reasonably safe condition. Paschal v. RiteAid Pharmacy, Inc. (1985), 18 Ohio St.3d 203, 203. However, a business owner is not an insurer of the invitee's safety. Id. When an invitee seeks to hold a business owner liable for a "slip and fall" injury, the invitee has the burden of proving:
 "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 "3. That such danger had existed for a sufficient length of time reasonable to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." Johnson v. The Wagner Provision Co. (1943), 141 Ohio St. 584, 589.
In other words, to hold a business owner liable, an invitee must show either that the owner created the hazard or that the owner had actual or constructive knowledge of the hazard. See id. To show constructive knowledge, the invitee must present evidence to show how long the hazard existed. Combs v. First Natl. Supermarkets (1995), 105 Ohio App.3d 27,30, discretionary appeal not allowed (1995), 74 Ohio St.3d 1422.
In this case, when appellee moved for summary judgment and supported that motion with affidavits showing an absence of a genuine issue of material fact, appellant, as the non-moving party, had a duty to come forward with evidence creating a question of fact on any issue for which she had the burden of production at trial. See Dresher v. Burt (1996),75 Ohio St.3d 280, 293; Wing v. Anchor Media Ltd. of Texas (1991),59 Ohio St.3d 108, paragraph three of the syllabus, as limited by Dresherv. Burt (1996), 75 Ohio St.3d 280. Appellant failed in this burden since she did not come forward with evidence that appellee created the hazard[1] or that it had actual or constructive knowledge of it. Notably, appellant did not present any evidence tending to show that any of appellee's employees saw the orange peel on the floor before appellant fell. Similarly, appellant did not come forward with any evidence to create a question of fact as to constructive knowledge since she did not present evidence showing the amount of time that the hazard existed before the fall. See Combs, 105 Ohio App.3d at 30.
We cannot agree with appellant that appellee had constructive knowledge of the orange peel by the simple fact that it provided orange samples in the produce department some distance away. Even when a merchant supplies the instrumentality that eventually causes the fall, to be liable for negligence the merchant must still be afforded a reasonable opportunity to discover and remove the hazard. For these reasons, we find the appellant's assignment of error not well-taken, and the decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal.
 _____________________ Mark L. Pietrykowski, P.J.
 Peter M. Handwork, J.
James R. Sherck, J., dissents.
[1] The instant case is distinguishable from Pritt v. Edward J.DeBartolo Corp. (Oct. 8, 1998), Cuyahoga App. No. 72730/73782, unreported, discretionary appeal not allowed (1999), 85 Ohio St.3d 1424, in which the court held that Chick-Fil-A, a chicken restaurant, was properly denied summary judgment because the evidence supported an inference that Chick-Fil-A created the hazard leading to a slip and fall accident. In Pritt, a Chick-Fil-A employee handed out chicken samples, knowing that they commonly fell and created grease on the floor. The employee also testified that she was aware that she often picked up grease from the fallen chicken on her shoes and tracked it to other parts of the floor as she walked about offering samples. The plaintiff fell within ten feet of the chicken stand. The employee testified that, after the plaintiff's fall, the employee noticed chicken pieces and grease on the floor in the immediate area. In contrast, in the instant case the accident occurred some distance away from the produce department. There is no evidence that would support an inference that appellee, as opposed to a customer, created the hazard.