OPINION
This case comes before this court on Plaintiff-Appellants Joseph and Stacy Johnston's appeal of the Montgomery County Court of Common Pleas' decision sustaining a motion for summary judgment filed by Miamisburg Animal Hospital, Inc. (hereinafter "the Hospital").
This case arises from a slip and fall incident that occurred on June 26, 1998 at the Hospital. On that day, Joseph Johnston (hereinafter "Johnston") went to the Hospital to retrieve his dog, who had been boarded for a week at the Hospital's kennel. When MacKenzie Phillips, an employee of the Hospital, went to bring the dog to Johnston, the dog became very agitated. She informed Johnson that he would have to proceed to the kennel area with her to retrieve his dog. Upon entering the kennel area, Johnston took "no more than three steps" before he fell on the concrete.
In his deposition, Johnson stated that he had not observed any warning signs nor had he received any warnings from any employees. However, in her deposition, Phillips stated that she had provided Johnston with a standard warning to be careful, but she did not know if Johnston had heard her. Johnston was not certain what had caused his fall, but he had noticed another employee in the kennel area who had been holding a hose. Johnston did not see water on the floor prior to or after his fall, and while his pants remained dry, he claimed that his hands were "damp" after the fall. Additionally, neither Johnston's hands nor his clothing smelled of urine after he fell.
Johnston filed suit against the Hospital on June 22, 2000 for injuries sustained as a result of the fall. Johnston alleged that he slipped on a "wet spot" on the floor of the Hospital, but he did not allege the nature of the substance upon which he had slipped.
Following discovery, the Hospital filed a motion for summary judgment asserting that there were no genuine issues of material fact since Johnston had failed to identify the substance upon which he had slipped. Johnston filed a response opposing the motion, arguing that there did exist a genuine issue of material fact based upon "factual inconsistenc[ies]," mainly the presence of another person in the kennel area who had been holding a hose. Johnston also argued that since Phillips had admitted in her deposition that there was a possibility of water being on the floor, the Hospital's motion for summary judgment should be denied.
The trial court issued its decision on April 9, 2001, sustaining the Hospital's motion for summary judgment, based upon Johnston's failure to identify the substance causing him to slip and fall. The trial court found that it was not enough for Johnston to allege, in response to the Hospital's interrogatories, that he had fallen on either water, wax, or dog urine, and that any support for any of Johnston's theories would be "mere speculation." Furthermore, the trial court held that under Harshaw v. Trotwood Foodtown, Inc. (June 24, 1996), Montgomery App. No. 15135, unreported, Johnston was required to identify the substance upon which he slipped before the liability analysis could begin.
Johnston now appeals the trial court's decision, asserting two assignments of error for our review. For ease of organization, and because the assignments of error are similar, we will address both assignments of error simultaneously.
 I. The common pleas court erred in granting summary judgment for the Appellee where there remained genuine issues of material fact.
 II. The common pleas court [erred] as a matter of law in failing to allow the factual issues involved in this case to be determined by a jury.
When reviewing a trial court's grant of summary judgment, an appellate court conducts a de novo review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools Bd. of Edn. (1997),122 Ohio App.3d 378, 383, citing Dupler v. Mansfield Journal Co. (1980),64 Ohio St.2d 116, 119-120, 18 O.O.3d 354, 356-357. Thus, the trial court's decision is not granted any deference by the reviewing appellate court. Brown v. Scioto Cty. Bd. of Commrs. (1993), 87 Ohio App.3d 704,711.
Summary judgment can be appropriately granted where (1) "there is no genuine issue as to any material fact; (2) *** the moving party is entitled to judgment as a matter of law; and (3) *** reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor." Harless v. Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74; see, also, Civ.R. 56(C). The movant has the burden to prove that no genuine issues of material fact exist by specifically pointing to evidence in the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc. which show that the non-movant has no evidence to support its claims. Harless, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; Civ.R. 56(C).
In this case, Johnston argues that he has presented sufficient evidence to support his claims and that it should have been left up to a jury to determine the issues in the case. Particularly, Johnston contends that he presented sworn testimony upon which a jury could reasonably conclude that there had been water on the kennel floor, that an employee had known of the hazard, and that the water had been the proximate cause of Johnston's fall.
There is no dispute that Johnson was a business invitee. "Business invitees are persons who enter the premises of another for a purpose that is beneficial to the owner." Jones v. Sears, Roebuck Co., Inc. (Oct. 19, 1994), Montgomery App. No. 14528, unreported. (Citation omitted). "[S]tore owners owe invitees `a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger.'" Id. (Citation omitted).
"To prevail in a case where the plaintiff has allegedly slipped on a foreign substance on the floor of the defendant's premises, the plaintiff bears the burden of showing: (1) that the defendant through its officers or employees was responsible for the hazard complained of; or (2) that at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or (3) that such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or to remove it was attributable to a want of ordinary care." Id. (Citations omitted). A plaintiff may establish constructive notice of a substance on a floor with evidence of the length of time the substance had been on the floor. Combs v. First Natl. Supermarkets, Inc. (1995),105 Ohio App.3d 27, 30.
In this case, the evidence before the trial court consisted of Johnston's and Phillips' depositions, along with an affidavit by Phillips. After reviewing the evidence, the trial court found that Johnston had failed to establish the cause of his slip and fall, as the "mere possibility of water on the floor does not meet Mr. Johnston's burden of identifying the substance." (Docket No. 30, p. 8.) The trial court based this decision on Harshaw v. Trotwood Foodtown, Inc. (Jan. 24, 1996), Montgomery App. No. 15125, unreported. The trial court interpreted Harshaw to require a plaintiff to identify with specificity the substance causing his fall. Although we disagree with the trial court's strict interpretation of Harshaw, we do find that summary judgment was appropriate in this matter due to Johnston's failure to meet his burden of proof.
In Harshaw, there was evidence that the cashier wiped something from the store's floor shortly after Harshaw had slipped. This court found that evidence had supported an inference that a foreign substance had been on the floor, but absent evidence of what the substance was, Harshaw had not met her burden to prove that the defendant had created the condition or that the defendant knew or had reason to know and had failed to remove it or had a duty to warn her. Specifically, it was Harshaw's inability to identify what caused her fall which prevented the source of the hazard from being identified.
We do not interpret Harshaw to require a plaintiff to specifically name the substance which caused his fall. In this case, Johnston did provide a reasonable inference, through evidence of his and Phillips' depositions, that the substance upon which he had slipped was water. However, while it is logical to infer that the Hospital was responsible for the dampness of the kennel floor in an area that non-employees rarely frequent, a fact different from a situation where a store's hazard could have been caused by a customer, this fact alone is insufficient to give rise to the inference that a hazardous condition was created by the Hospital.
Furthermore, the record fails to indicate that the Hospital had actual knowledge of the existence of water on the cement floor. Nor is there any evidence as to how long the floor had been wet from which a trier of fact could infer that the Hospital had constructive notice of the condition. Johnston did not establish the existence of water on the kennel floor nor did he provide the length of time the water had been on the kennel floor. An inference of negligence does not arise from mere guess, speculation, or wishful thinking, but rather can arise only upon proof of some fact from which such inference can reasonably be drawn. Parras v. Standard Oil Co. (1953), 160 Ohio St. 315, 52 O.O. 206, paragraph two of the syllabus. This case is distinguishable from Combs v. First Natl. Supermarkets, Inc., supra, in which a jury question was found to have existed on whether a store breached a duty of care when it failed to clean a spill that had been on the sales floor for fifteen to twenty minutes. In Combs, a disinterested shopper swore that he saw the spill on the floor when he arrived in the store and learned that Combs had fallen in that spill fifteen to twenty minutes later. We found this evidence sufficient to establish a material issue of fact on whether the store had had constructive notice. Id. at 30-31. In contrast, Johnston can only engage in conjecture and speculation.
Similarly, Phillips provided the following testimony in her deposition:
Q. Did it appear — what caused him to slip?
A. I don't know.
Q. Was there water on the floor?
 A. It's a kennel. We clean a lot. It's a possibility; but the time frame that he came in, there usually isn't back there. It usually is dry by then. Usually.
(Phillips' Deposition Tr. 12.) In sum, the record fails to establish any of the three methods of demonstrating a breach of duty in a slip and fall case as required under Jones, supra.
Accordingly, there being no genuine issue of material fact on the question of the Hospital's duty of care, the trial court properly granted summary judgment. Johnston's first and second assignments of error are overruled.
Judgment of the trial court is affirmed.
BROGAN, J. and FAIN, J., concur.