OPINION
Plaintiffs-appellants Phyllis and Joseph O'Hail appeal the decision of the Richland County Court of Common Pleas, which granted summary judgment in favor of defendants-appellees JG Mansfield, LLC, et al. in a personal injury law suit.
 STATEMENT OF THE FACTS AND CASE
On January 4, 1999, Phyllis O'Hail was shopping with her husband, Joseph O'Hail, [hereinafter appellants] at the Richland Mall. While walking in a common area of the mall, just across from the Food Court, Phyllis O'Hail's foot went out from underneath of her and she fell to her knee. Phyllis O'Hail was injured and as a result, incurred medical bills.
Just before Phyllis O'Hail fell, Joseph O'Hail noticed an unidentified liquid substance on the floor. After the fall, the appellants proceeded to the mall office and filed an accident report. Thereupon, someone was sent to clean up the liquid from the floor. Evidence showed that the floor was otherwise clean.
On September 28, 2000, appellants filed a personal injury suit against defendants-appellees JG Mansfield, LLC dba Richland Mall [hereinafter Richland Mall] and its insurer, American Community Mutual Insurance Company [hereinafter appellees]. The Complaint alleged that the Richland Mall was negligent.
On August 1, 2001, appellees filed a Motion for Summary Judgment. On September 7, 2001, the trial court granted Summary Judgment in favor of the appellees and against the appellants.
It is from the September 7, 2001, Judgment Entry granting summary judgment that appellants appeal, raising the following assignment of error:
 THE COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF THE DEFENDANT-APPELLEES [SIC] AND AGAINST THE PLAINTIFF-APPELLANTS [SIC] SINCE THERE WERE GENUINE ISSUES OF MATERIAL FACT WHICH PRECLUDED THE GRANTING OF SUMMARY JUDGMENT.
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35,36. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997),77 Ohio St.3d 421, 429 (citing Dresher v. Burt (1966), 75 Ohio St.3d 280). It is based upon this standard that we review appellants' assignments of error.
In the sole assignment of error, appellants contend that the trial court erred as a matter of law when it granted summary judgment in favor of appellees. Appellants assert that there were genuine issues of material fact regarding the question of defendant-appellee Richland Mall's negligence in failing to discover the liquid and remove it and whether the liquid was the cause of Phyllis O'Hail's' fall such that summary judgment was precluded. We disagree.
To sustain an action founded upon negligence, a plaintiff must demonstrate (1) that the defendant had a duty, recognized by law, requiring him to conform his conduct to a certain standard for the plaintiff's protection; (2) that the defendant failed to conform his conduct to that standard; and (3) that the defendant's conduct proximately caused the plaintiff to sustain a loss or injury. Brauningv. Cincinnati Gas Elec. Co. (1989), 54 Ohio App.3d 38, 40.
Appellant Phyllis O'Hail was a business invitee to appellee's premises. See Cassano v. Antenan-Stewart, Inc. (1993), 87 Ohio App.3d 7,9. As a business invitee, appellee owed Phyllis O'Hail a duty "to exercise ordinary and reasonable care for safety and protection." Id. at 9.
In this case, Phyllis O'Hail's injury arose from a slip and fall due to an alleged foreign, unidentified liquid substance on the floor of the premises. Joseph O'Hail saw a puddle of clear liquid on the floor where Phyllis O'Hail was stepping, just before Phyllis O'Hail fell. Appellants presented no evidence as to what the liquid was nor how it came to be on the floor.
In order to hold appellees liable for a foreign substance on the floor, appellants must show that: (a) Richland Mall employees were responsible for the substance on the floor; (b) at least one of Richland Mall's employees knew of the substance on the floor and failed to remove it; or (c) the substance was on the floor for a long enough period of time so as to justify an inference that the failure to warn against it or to remove it was attributable to a want of ordinary care. Combs v.First National Supermarkets, Inc. (1995), 105 Ohio App.3d 27, 30. When a plaintiff attempts to establish a negligence claim by showing that the substance was on the floor long enough to justify an inference of negligence, evidence of how long the hazard existed is mandatory. Id.
In the case sub judice, appellants do not argue that Richland Mall employees placed the liquid on the floor nor that Richland Mall employees were aware of the liquid and failed to remove it. Rather, appellants argue that the liquid was on the floor long enough that Richland Mall, through its employees, should have known about it and removed it. Appellants assert that the liquid was on the floor for 25 minutes. Appellants then argue that they have created an issue of fact as to whether the appellee was negligent. Appellants cite this court to Combsv. First National Supermarkets, Inc., supra., which held that "the issue of whether a spill on the main aisle of a grocery food store for fifteen minutes constitutes constructive notice is a question of fact for a jury." Combs, 105 Ohio App.3d at 31. In Combs, the plaintiff used the testimony of a fellow shopper to establish that the liquid upon which Combs slipped had been on the floor for about 15 or 20 minutes before Combs fell.
However, in this case, appellants have not presented evidence as to how long the liquid was on the floor. While appellants claim that they have established that the liquid was on the floor for 25 minutes, appellants have only established a window during which the liquid may have come to be on the floor. No evidence was presented as to how long the liquid actually was there.
Appellants rely upon the deposition testimony of Nelson DeLong. DeLong was employed by Richland Mall as a security guard at the time of the accident and was working on the day of the accident. DeLong's duties included patrolling the common areas of the mall. DeLong patrolled the zone of the mall in which the accident occurred from approximately 4:10 p.m. to 4:15 p.m. DeLong testified that he was last in the specific areas of the zone where Phyllis O'Hail fell at approximately 4:10 p.m. By 4:35 p.m., DeLong was filling out the accident report for appellants. This time span, 4:10 p.m. to 4:35 p.m., includes the time in which Phyllis O'Hail fell and she and her husband walked to the mall office to report the accident. Further, and more importantly, DeLong presents no evidence as to how long the liquid was on the floor. The liquid could have been placed on the floor immediately after DeLong left the area or only a minute before Phyllis O'Hail fell. There is no evidence as to how long the liquid was on the floor, only evidence as to when DeLong patrolled the area. Therefore, appellants have failed to meet their burden to show how long the liquid was on the floor. Therefore, the appellants have not created an issue of fact as to whether the Richland Mall was negligent.
Further, Phyllis O'Hail cannot say what actually caused her to fall. Appellants bear the burden to prove that Phyllis O'Hail's injuries proximately resulted from the business owner's negligence or omission, in this case the liquid on the floor. Eller v. Wendy's International, Inc. (2000), 142 Ohio App.3d 321, 334-335. Appellants argue that Joseph O'Hail, Phyllis O'Hail's husband, established that the liquid was the proximate cause of Phyllis' fall through his deposition testimony. At his deposition, Joseph testified that he saw a puddle of liquid a "split instant" before Phyllis fell. However, there was no evidence presented that the liquid caused the fall. At Phyllis' deposition, Phyllis was asked directly if the liquid caused the fall. Phyllis provided the following answer: "I would know of no other reason. I have no problems — I mean when I walk, there would be no reason for me to fall, and the way my foot went out from underneath me, something had to cause my foot to go out underneath me like that." Phyllis O'Hail Deposition, page 17-18. Appellants' claim that Phyllis slipped because of the liquid is speculation. An inference of negligence cannot arise from mere speculation. Parras v. Standard Oil Co. (1953), 160 Ohio St. 315; Strebv. Cinemark U.S.A., Inc.(Ohio App. 10 Dist. 1995), Franklin App. No. 94APE04-540, unreported, 1995 WL 78063. Appellants contention that it is reasonable to infer that her foot must have gone out from under her because of the liquid is speculative and not sufficient to raise an issue of fact.
In conclusion, we find that appellants have presented no evidence as to how long the liquid was on the floor and whether the liquid caused the fall. Therefore, we find that the trial court did not error when it granted summary judgment in favor of appellees and against appellants.
Appellants' sole assignment of error is overruled.
The judgment of the Richland County Court of common Pleas is affirmed.
By EDWARDS, J. GWIN, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is affirmed. Costs to appellants.