NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  05a0384n.06
Filed:  May 11, 2005

No. 04-3756

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| KRISTIN A. BEARD and HENRY O. BEARD, | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| | ) | |
| THE KROGER CO., INC., | ) | |
| | ) | |
| Defendant-Appellee. | ) | |

Before:  COLE and SUTTON, Circuit Judges; BARZILAY, Judge.[*]

SUTTON, Circuit Judge.  While shopping at a Kroger grocery store, Kristin Beard slipped on a package of light bulbs and fell, sustaining injuries to her wrist, leg and knee.  Because she (and her husband) cannot show that Kroger failed to exercise reasonable care—principally because she cannot demonstrate that Kroger had constructive knowledge of the hazard—we affirm the district court's grant of summary judgment to The Kroger Company.

---

[*] The Honorable Judith M. Barzilay, Judge for the United States Court of International Trade, sitting by designation.

I.

On February 2, 2002, Kristin Beard, a resident of Milan, Michigan, entered the Kroger grocery store in Holland, Ohio, to buy some bird seed. As she turned down the aisle containing the bird seed, she saw a Kroger employee, Darrin Elder, near the other end of the aisle. After taking two or three steps down the aisle, she stepped on an object—later identified as a 3" x 5" package of two light bulbs—and slipped, falling to the ground. The fall broke her wrist in three places, fractured the tibial plateau of her left leg, tore the meniscus of her left knee and bruised her. As a result of these injuries, Beard spent two weeks in the hospital, underwent surgery on her arm and left leg, and had not regained full use of her wrist when her deposition was taken on November 21, 2002, over nine months after the accident.

Elder, a grocery bagger for Kroger, testified that he had been pushing a cart containing recyclable materials to the back of the store when he heard a foot scrape the ground behind him; he turned around and was able to see Beard just as she hit the ground. Elder also testified that he did not see anything on the aisle floor before the accident.

Beard likewise testified that she did not see the package of light bulbs before she slipped on it and did not know whether anyone at Kroger knew that the package was on the floor before she fell. Beard further admitted that the area was well lit and that nothing obstructed her view to prevent her from seeing the package.

In response to the accident, Kristin Beard and her husband, Henry Beard, filed this diversity action against Kroger alleging one count of negligence and one derivative count of loss of consortium. The Beards and Kroger agreed to have a magistrate judge preside over the case. The magistrate judge granted Kroger's request for summary judgment, reasoning that the Beards had failed to present any evidence that Kroger had actual knowledge that the package was on the floor and that the Beards had failed to prove constructive notice by failing to demonstrate how long the product had lain on the floor. The court also concluded that the danger created by the light bulb package was open and obvious and was unmoved by the Beards' contention that an issue of fact remained on this point, namely whether Kristin Beard was taking reasonable care when she walked down the aisle.

## II.

We review a grant of summary judgment de novo, *see Grubb & Ellis/Centennial, Inc. v. Gaedeke Holdings, Ltd.*, 401 F.3d 770, 773 (6th Cir. 2005), which requires us to ask and answer the same questions that the district court did: Whether "there is no genuine issue as to any material fact" and whether "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In addressing these questions, we give the non-moving party—here, the plaintiffs—the benefit of all factual inferences. The parties agree that Ohio law governs this diversity action.

A.

Under Ohio law, a plaintiff may prevail in a slip-and-fall negligence claim in one of three

ways.  As an Ohio appellate court recently explained,

> The law in the state of Ohio is clear that in order for a plaintiff to recover damages
> from a slip and fall accident as a business invitee, the following must be established:
>
>> 1.   That the defendant through its officers or employees was
>> responsible for the hazard complained of; or
>>
>> 2.  That at least one of such persons had actual knowledge of the
>> hazard and neglected to give adequate notice of its presence or
>> remove it promptly; or
>>
>> 3.   That such danger had existed for a sufficient length of time
>> reasonably to justify the inference that the failure to warn against it
>> or remove it was attributable to a want of ordinary care.

*Combs v. First Nat'l Supermarkets, Inc.*, 663 N.E.2d 669, 670 (Ohio Ct. App. 1995) (quoting

*Johnson v. Wagner Provision Co.*, 49 N.E.2d 925, 928 (Ohio 1943)).

Under the third of these avenues for relief—what is generally referred to as a constructive-

knowledge theory of liability—Ohio courts "ha[ve] consistently followed *Anaple* [*v. Standard Oil

Co.*, 124 N.E.2d 128 (1955),] and held that evidence of how long the hazard existed is mandatory

in establishing a duty to exercise ordinary care."  *Combs*, 663 N.E.2d at 671.  In *Williams v.

Anderson's, Inc.*, No. L-00-1365, 2001 WL 574958 (Ohio Ct. App. May 25, 2001), the court applied

this principle in rejecting the negligence claim of a woman who had slipped and fallen on an orange

peel.   "To show constructive knowledge," the court stated at the outset, "the invitee must present

evidence to show how long the hazard existed." *Id.* at *1. But  "[n]otably" in that case, the court

added, "appellant did not present any evidence tending to show that any of appellee's employees

saw the orange peel on the floor before appellant fell," *id.* at *2, and "she did not present evidence showing the amount of time that the hazard existed before the fall," *id.*

*Harrison v. Andersons, Inc.*, No. L-99-1368, 2000 WL 819057 (Ohio Ct. App. June 23, 2000), hews to the same path. The court granted summary judgment even though an employee saw the hazard—grapes, this time—on the floor. "Assuming, as we must for summary judgment purposes, that this employee did notice the grapes prior to appellant's slip, there is simply no evidence regarding how long that employee knew of the grapes prior to appellant's accident." *Id.* at *2.

B.

The Beards cannot satisfy the requirements of Ohio negligence law. They did not present any evidence (1) that Kroger caused the hazard or (2) that Kroger had actual knowledge of it. And in attempting to rely on the sole remaining theory of negligence liability available to them—the constructive-knowledge theory—they failed to present any evidence concerning how long the hazard existed before Kristin Beard slipped on it. Elder testified that he had not seen the light bulb package on the floor before the accident, and the Beards presented no evidence that any other customer or other employee saw the light bulb package on the floor before the accident. In fact, no evidence exists that the package was on the floor when Elder walked down the aisle before Kristin Beard did. On this record, because the requirement under Ohio law that the plaintiff present "evidence of how

long the hazard existed is mandatory in establishing a duty to exercise ordinary care," *Combs*, 663 N.E.2d at 671, the district court properly granted summary judgment to Kroger.

The Beards respond that because Elder was trained to scan the floors for hazards and because he had the opportunity to see this hazard on the ground, Kroger had "a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care." *Id.* at 670. But in invoking this language from *Combs*, the Beards fail to account for the context in which it appears. As *Combs* later reiterates, "[t]he standard for determining sufficient time to enable the exercise of ordinary care requires evidence of how long the hazard existed," *id.* at 671, a form of evidence that the Beards simply have not produced.

The Beards also argue that Elder's failure to scan the floor as he had been taught during safety training amounts to a failure on Kroger's part to exercise reasonable care. While Kroger may have imposed a duty on Elder to scan the floor, the law imposes a duty on Kroger only to exercise ordinary care, and the preceding analysis shows that the Beards failed to present the necessary evidence to establish that Kroger breached this duty. One cannot show that Kroger failed to exercise reasonable care in removing a hazard if the plaintiff has failed to show how long that hazard existed.

Because the district court properly applied the requirements of Ohio law for slip-and-fall tort suits that rely upon constructive knowledge to establish negligence, we need not review the district court's alternative ruling applying the open-and-obvious doctrine.

III.

For these reasons, we affirm.