JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs Peggy and Tony Asmis appeal from the judgment of the trial court rendered in favor of defendant Marc Glassman, Inc. (Hereafter "Marc's") in plaintiffs' negligence action. For the reasons set forth below, we affirm.
 {¶ 2} On April 1, 2002, plaintiffs filed the instant action against Marc's, alleging that on April 15, 2000, plaintiff Peggy Asmis fell and sustained personal injuries due to a defective condition at defendant's store located on Pleasant Valley Road in Parma. Marc's denied liability. On January 16, 2003, Marc's moved for summary judgment and asserted that it was entitled to judgment as matter of law because plaintiffs could not present evidence sufficient to justify the conclusion that Marc's had breached its duty of care in connection with Peggy Asmis's fall. In support of the motion, Marc's relied upon, inter alia, the following deposition testimony of Peggy Asmis:
 {¶ 3} "Q: And what happened?
 {¶ 4} "A: I just was going out and I stepped on something, which they both agreed that it was a big grape, the black ones.
 {¶ 5} (Tr. 82-83).
 {¶ 6} "* * *
 {¶ 7} "Q: Do you have any idea how the grape got on the floor?
 {¶ 8} "A: No.
 {¶ 9} "* * *
 {¶ 10} "Q: So, you don't know how this grape got on the floor?
 {¶ 11} "A: No.
 {¶ 12} "Q: Do you have any idea how long it was on the floor before you slipped?
 {¶ 13} "A: No.
 {¶ 14} "Q: Do you have any idea whether anyone in the store was aware that there was a grape on the floor before you fell?
 {¶ 15} "A: That I do not know." (Tr. 103-105).
 {¶ 16} In opposition, plaintiff maintained that there were genuine issues of material fact which remained to be litigated regarding whether Marc's had constructive notice of a dangerous condition because Marc's had lowered the lights in the store before closing, and situated a produce bin near the exit of the store. The trial court subsequently granted defendant's motion. Plaintiffs now appeal and assign the following error for our review.
 {¶ 17} "The trial court erred in its April 7, 2003 entry granting summary judgment to appellee since there are genuine issues of material fact as to whether appellee breached the duty of care to appellant, a business invitee."
 {¶ 18} Within this assignment of error, plaintiffs insist that there are genuine issues of material fact as to whether Marc's had constructive notice of the hazardous condition which caused Peggy Asmis to fall.
 {¶ 19} We review the grant of summary judgment de novo using the same standards as the trial court. Nationwide Mut. Fire Ins. Co. v. GumanBros. Farm (1995), 73 Ohio St.3d 107, 108, 652 N.E.2d 684.
 {¶ 20} Civ.R. 56(C) provides, in relevant part, as follows:
 {¶ 21} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 22} The burden of showing that no genuine issue exists as to any material fact falls upon the moving party in requesting a summary judgment. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429-30,674 N.E.2d 1164, 1171, citing Harless v. Willis Day Warehousing Co.
(1978), 54 Ohio St.2d 64, 66, 8 O.O.3d 73, 74, 375 N.E.2d 46, 47. The moving party bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. Vahila v.Hall, supra.
 {¶ 23} In response to the motion, the nonmoving party may not rest on "unsupported allegations in the pleadings." Civ.R. 56(E); Harless v.Willis Day Warehousing Co., supra. Rather they must then produce competent evidence on issues for which that party bears the burden of production at trial. Wing v. Anchor Media, Ltd. of Texas (1991),59 Ohio St.3d 108, 570 N.E.2d 1095, paragraph three of the syllabus.Vahila v. Hall, supra. If the party does not so respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial, summary judgment, if appropriate, shall be entered against the non-moving party. Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027,1031.
 {¶ 24} With regard to the substantive law, we note that a business premises owner or occupier possesses the duty to exercise ordinary care in maintaining its premises in a reasonably safe condition, such that its business invitees will not unreasonably or unnecessarily be exposed to danger. Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203,203, 480 N.E.2d 474, 475. A premises owner or occupier is not, however, an insurer of its invitees' safety. Id.
 {¶ 25} In Combs v. First Natl. Supermarkets, Inc. (1995),105 Ohio App.3d 27, 663 N.E.2d 669, this court stated:
 {¶ 26} "The law in the state of Ohio is clear that in order for a plaintiff to recover damages from a slip and fall accident as a business invitee, the following must be established:
 {¶ 27} "1. That the defendant through its officers or employees was responsible for the hazard complained of; or
 {¶ 28} "2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
 {¶ 29} "3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."
 {¶ 30} Id. at 29, citing Johnson v. Wagner Provision Co. (1943),141 Ohio St. 584, 589, 49 N.E.2d 925. Accord Orndorff v. Aldi, Inc.
(1996), 115 Ohio App.3d 632, 635-636, 685 N.E.2d 1298.
 {¶ 31} In this matter, Marc's motion for summary judgment demonstrated that there were no genuine issues of material fact, and that plaintiffs could not establish any of the foregoing elements from which to infer a want of ordinary care. That is, Marc's demonstrated that plaintiffs did not establish that an employee of the store had caused the hazard, or that an employee had notice of this hazard and failed to remove it or provide notice of it, or that the hazard existed for a sufficient length of time from which a failure to use ordinary care could be inferred. In response, plaintiffs failed to produce evidence to demonstrate a genuine issue of material fact as to any of these elements. The trial court therefore did not err in granting summary judgment to Marc's in this matter. Accord, Braun v. Russo's, Inc. (June 1, 2000), Cuyahoga App. No. 76273; Harrison v. Andersons, Inc. (June 23, 2000), Lucas App. No. 2802 (store not liable for plaintiff's slip and fall on grape where no evidence was presented to create genuine issue of material fact as to whether the store caused the hazard or had actual or constructive notice of it); Cordon v. Rulli Bros. (Dec. 22, 1994), Mahoning App. No. 93 C.A. 50 (same); Huff v. First Natl. Supermarkets
(June 9, 1994), Cuyahoga App. No. 65118 (same); Miller v. Big BearSupermarkets (Jan. 29, 1987), Franklin App. No. 86AP-712; Waddell v.Fisher Foods (Apr. 4, 1985), Cuyahoga App. No. 48895.
 {¶ 32} Plaintiffs insist that Marc's was aware of potential hazards, such as the lowered lighting at the time of closing, and the proximity of the produce are to the checkout stands. We rejected this argument in Braun v. Russo's, Inc., supra. In Braun, this Court affirmed summary judgment for the storeowner for injuries sustained by the plaintiff who fell on grapes which had fallen on the floor. In rejecting the plaintiff's claims that subject hazard was the potential that grapes could fall on the floor and that the store created such hazard in connection with its handling of the produce, this Court stated:
 {¶ 33} "While the grapes on the floor of the produce aisle (the subject hazardous condition) could have been placed there as the result of multiple scenarios, advanced by Braun, such a conclusion is pure speculation; there is no direct evidence to suggest that this, in fact, occurred. It is equally reasonable to conclude that the grapes came to be on the floor through the actions of a fellow customer on a busy shopping day, a theory which was advanced by store employees."
 {¶ 34} See, also Middleton-Peed v. Dayton Food, Ltd. Partnership,
2001-Ohio-1352, Montgomery App. No. 18774, wherein the Court stated:
 {¶ 35} "It was the cherry on the floor that presented the actual hazard, not the method by which the cherries were displayed, which created only the potential of that hazard. There is no evidence that Dayton Foods caused the cherry to be on the floor, knew that it was on the floor, or should have known that it was there before Plaintiff's fall. * * * As the cherries were displayed by Dayton Foods, they presented only the potential of the harm that caused Plaintiff's fall."
 {¶ 36} For the foregoing reasons, plaintiffs' assignment of error is not well-taken and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Michael J. Corrigan, P.J., and Patricia Ann Blackmon, J., Concur.