[Cite as *Carlo v. Kohl's Dept. Stores, Inc.*, 2017-Ohio-8173.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
No. 105725

---

## MARY ANN CARLO, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## KOHL'S DEPARTMENT STORES, INC.

DEFENDANT-APPELLEE

---

**JUDGMENT:**
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-16-862410

**BEFORE:**   E.A. Gallagher, P.J., McCormack, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   October 12, 2017

**ATTORNEY FOR APPELLANT**

Mark S. Fishman
526 Superior Avenue, Suite 210
Cleveland, Ohio 44114

**ATTORNEYS FOR APPELLEES**
**FOR KOHL'S DEPARTMENT STORES INC.**

Bradley A. Wright
Nicholas Pavel Resetar
Roetzel & Andress Co. L.P.A.
222 S. Main Street, Suite 400
Akron, Ohio 44308

**FOR KELLERMEYER BERGENSONS SERVICES, L.L.C.**

Tracey S. McGurk
Mansour Gavin L.P.A.
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114

EILEEN A. GALLAGHER, P.J.:

**{¶1}** Plaintiffs-appellants Mary Ann Carlo and David Carlo appeal from the judgment of the Cuyahoga County Court of Common Pleas granting summary judgment in favor of defendants-appellees Kohl's Department Stores, Inc. ("Kohl's") and Kellermeyer Bergensons Services, L.L.C. ("KBS"). For the following reasons, we affirm.

### Facts and Procedural Background

**{¶2}** On June 1, 2013, Mary Ann Carlo, her husband David Carlo and their granddaughter Chelsea Kosinar entered the Kohl's department store in Strongsville and separated once inside the store. After completing her shopping, Mary Ann was walking down the main aisle toward David and Chelsea when she slipped and fell, injuring her left knee. David, Chelsea and store employees converged on the spot of Mary Ann's fall and noted the presence of brightly colored candy similar to M&Ms on the tile floor of the main aisle. Witnesses could not agree as to whether it was a single piece of candy or several spread across the aisle.

**{¶3}** Appellants filed a complaint alleging negligence and loss of consortium against Kohl's and KBS, the company that was responsible for the cleaning and maintenance of the Kohl's store. Kohl's and KBS answered and later filed motions for summary judgment asserting that Mary Ann's injury resulted from an open and obvious condition. Kohl's and KBS further argued that there was no evidence that Kohl's or KBS had actual or constructive knowledge of the hazard.

{¶4} The trial court granted appellees' motions for summary judgment finding that (1) the spilled candy was an open and obvious hazard that was reasonably and easily observable and (2) appellants were unable to establish that Kohl's or KBS employees knew of or should have known of the hazard.

**Law and Analysis**

{¶5} In their sole assignment of error, appellants argue that the trial court erred in granting summary judgment in favor of Kohl's and KBS.

{¶6} Our review of a trial court's grant of summary judgment is de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. Pursuant to Civ.R. 56(C), summary judgment is appropriate when (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus; *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 1998-Ohio-389, 696 N.E.2d 201. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶7} To defeat a motion for summary judgment on a negligence claim, the nonmoving party must establish that a genuine issue of material fact remains as to

whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 1998-Ohio-602, 693 N.E.2d 271.

{¶8} There is no dispute that Carlo was a business invitee.   An owner or occupier of the premises owes its business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition and has the duty to warn its invitees of latent or hidden dangers.   *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 480 N.E.2d 474 (1985). A premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows, or has reason to know, of hidden dangers. *Rogers v. Sears, Roebuck & Co.*, 1st Dist. Hamilton No. C-010717, 2002-Ohio-3304. Where a hazard is not hidden from view or concealed and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 566 N.E.2d 698 (5th Dist.1989).

{¶9} A business owner is not an insurer of its invitee's safety. *Paschal v. Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474, 475 (1985).   In order for a plaintiff to recover damages from a slip and fall accident as a business invitee, one of the following must be established:

1. "That the defendant through its officers or employees was responsible for the hazard complained of;" or

2. "That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly;" or

3. "That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care."

*Asmis v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 82932, 2003-Ohio-6499, ¶ 27-30, quoting *Combs v. First Natl. Supermarkets, Inc.*, 105 Ohio App.3d 27, 29, 663 N.E.2d 669 (8th Dist.1995), citing *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).

**{¶10}** We need not reach the question of whether the candy in this instance constituted an open and obvious hazard because appellants are unable to demonstrate actual or constructive knowledge on the part of either Kohl's or KBS regarding the hazard.

**{¶11}** In this matter, appellees' motions for summary judgment demonstrated that there were no genuine issues of material fact, and that appellants could not establish any of the foregoing elements from which to infer a want of ordinary care. There is no evidence in the record to establish that an employee of either Kohl's or KBS caused the candy hazard in this instance. Nor is there any evidence that a Kohl's or KBS employee had notice of the hazard and failed to remove it or provide notice of it. Finally, Mary Ann conceded in her deposition testimony that she had no knowledge of how long the candy had been on the floor. Therefore, she is unable to demonstrate that the hazard existed for a sufficient length of time to establish constructive knowledge on the part of Kohl's or KBS.

{¶12} Appellant argues that the location of the candy, on the floor of the store's main aisle, creates a question of material fact as to constructive knowledge. However, where a plaintiff relies on constructive notice of the existence of a foreign substance on the floor, the plaintiff must come forward with some evidence concerning how long the substance existed on the floor. *Burke v. Giant Eagle, Inc.*, 8th Dist. Cuyahoga No. 105058, 2017-Ohio-4305, ¶ 13, citing *Corrado v. First Natl. Supermarkets*, 8th Dist. Cuyahoga No. 69362, 1996 Ohio App. LEXIS 1797, 8 (May 2, 1996), citing *Combs,* 105 Ohio App.3d at 30, 663 N.E.2d 669. "[A]n injured party may not rely on mere speculation and conjecture to attempt to demonstrate that a foreign substance had been present for a sufficient period of time to give a shopkeeper or his employees constructive notice of it." *Calabrese v. Romano's Macaroni Grill*, 8th Dist. Cuyahoga No. 94385, 2011-Ohio-451, ¶ 19, quoting *Barnes v. Univ. Hosp. of Cleveland*, 8th Dist. Cuyahoga No. 66799, 1994 Ohio App. LEXIS 3231 (July 21, 1994). With absolutely no evidence of how long the candy had been on the floor, appellants' argument is impermissibly speculative.

{¶13} Because appellants cannot establish any of the foregoing elements from which to infer a want of ordinary care, the trial court did not err in granting summary judgment on appellants' claims. *Asmis,* 8th Dist. Cuyahoga No. 82932, 2003-Ohio-6499, at ¶ 31.

{¶14} Appellants' sole assignment of error is overruled.

{¶15} Judgment affirmed.

It is ordered that appellees recover from appellants the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
EILEEN A. GALLAGHER, PRESIDING JUDGE

TIM McCORMACK, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR