By the Court.
 

 Tbe assignments of error are eight in number but collectively present tbe single claim that tbe Court of Common Pleas erred in overruling defendant’s motion for a directed verdict at tbe end of all the evidence. Tbe grounds for such motion were that no evidence was adduced to show notice to or knowledge of tbe defendant of any dangerous condition upon its premises, and that tbe evidence disclosed that plaintiff’s own negligence proximately contributed to cause her injuries.
 

 Tbe legal principles upon wbieb tbe liability for injuries suffered by invitees upon tbe premises of a defendant is based have been repeatedly announced by tbis court. Tbe rule applicable is succinctly stated by Judge Zimmerman in tbe opinion in
 
 Johnson
 
 v.
 
 Wagner Provision Co.,
 
 141 Ohio St., 584, 589, 49 N. E. (2d), 925, as follows:
 

 “1. That tbe defendant through its officers or employees was responsible for tbe hazard complained of; or
 

 “2.
 
 That at least one of such persons bad actual knowledge of tbe hazard and neglected to give adequate notice of its presence or remove it promptly; or
 

 “3. That such danger had existed for a sufficient length of time reasonably to justify tbe inference that
 
 *437
 
 the failure to warn against it or remove it was attributable to a want of ordinary care.”
 

 No claim is made that the defendant had actual knowledge of the condition which allegedly caused the plaintiff’s injuries. Hence, in testing the right of the defendant to a directed verdict in its favor it must be ascertained whether there was evidence that the condition complained of had existed for a sufficient time reasonably to justify the inference that the defendant failed to exercise ordinary care as to the removal of such substance. The record discloses evidence as follows:
 

 The plaintiff was a passenger on one of defendant’s busses from Canton to Cleveland via Akron. During a wait of fifteen minutes at Akron the plaintiff alighted from the bus of the defendant, accompanied by her daughter, sister and niece, and proceeded to the ladies lounge and thence down a stairway to the ladies rest room. The stairway was about six feet wide. Four steps led to a square landing from which there were about twelve steps to the basement level. The floor of the waiting room, the steps and landings were constructed of white marble and the walls were of white marble or white painted plaster. There was a light at the top of the steps and another light at the bottom of the lower flight of steps, but no light at or above the landing. There were handrails on the wall at each side of the steps.
 

 The plaintiff preceded those who accompanied her down the stairs. When she reached the first or second step below the landing she slipped and fell to the floor at the bottom of the stairway. The evidence shows that theretofore some person had vomited on the stairway and that the vomit covered a portion of the steps immediately below the landing. The vomit matter was thereafter inspected by the daughter and niece who testified that the vomit was dry, or looked as if it was
 
 *438
 
 dry, and that it contained a footprint made by the plaintiff when she slipped there.
 

 The defendant had an employee whose duty it was to clean the ladies rest room and to answer the telephone in the ladies lounge. Such employee testified that she was up and down the stairs at least every hour and on the day in question she had been up those stairs at 5:00 p. m. The accident occurred at 6:30 p. m. This was the testimony tending to show that the defendant had constructive notice of the dangerous condition.
 

 Under the well established rule, the evidence adduced on behalf of the plaintiff must be accorded every logical inference in determining whether the verdict should have been directed for the defendant. It is argued by the defendant that the record is devoid of evidence showing when the substance was deposited or that it had remained there for any definite time; that, in the absence of evidence in that respect, the inference that the defendant was negligent is based upon an inference that the substance had been there for a substantial period of time and, therefore, to find the defendant negligent it is necessary to base an inference upon an inference.
 

 It is not essential to a recovery that a plaintiff prove the exact time a nuisance of the kind involved here was created. Obviously such evidence is impossible to obtain in many instances. However, it is essential that the evidence show the nuisance continued for a period of time sufficient to charge the defendant with constructive notice thereof. In the instant case testimony to the effect that the vomit had become dried was some evidence that it had existed for some period of time. There is evidence also that a period of approximately one and one-half hours had elapsed since the steps had been observed by an employee of the defendant, which provides evidence of the probability that the condition
 
 *439
 
 causing the injury had existed for a considerable time. The inferences to be drawn from this evidence were peculiarly those of fact and were properly submitted to the jury for its consideration.
 

 The defendant bases its claim that the plaintiff was-guilty of contributory negligence primarily upon her statement on cross-examination that she did not particularly observe the steps in question, before the accident. She testified as follows:
 

 “Q. Did you look at that landing at any time when you were on it? A. No. I didn’t think to look.
 

 “Q. Did you look at any of the steps below the landing? A. No. I didn’t look.
 

 ‘ ‘ Q. And the next thing you remember is when you were at the bottom of the stairs, is that right? A. Yes, I found myself down at the bottom of the steps.”' It is urged that the trial court erred in refusing to-instruct the jury as requested “that if they find there was a dangerous substance on which the plaintiff claims to have fallen, and that that substance was-within plain view of the plaintiff, and that the plaintiff could have avoided stepping in it, that she is not entitled to recover in this action.”
 

 The plaintiff was required to exercise ordinary care' for her own safety; but the application of the rule-sought by the defendant would allow recovery only in cases where injury resulted from conditions not visible to the injured party, a hidden danger. See
 
 Campbell
 
 v.
 
 Hughes Provision Co., ante,
 
 9.
 

 The court properly submitted to the jury the question of the plaintiff’s contributory negligence. The jury had before it evidence of plaintiff’s injuries; that the steps constituting the stairway were constructed of white marble; and that there was no light immediately above the landing.
 

 The jury also had before it evidence of the physical-construction of the steps, including the fact that a'
 
 *440
 
 right-angle turn was required and that it was on the first step taken off the landing that the plaintiff’s foot slipped in the substance deposited there.
 

 A recital of these facts discloses that a jury question was presented and the defendant’s motion for a directed verdict was properly overruled. The issues were submitted to the jury without error and a unanimous verdict rendered.
 

 The judgment of the Court of Appeals is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Matthias, Hart, Zimmerman and Turner, JJ., concur.