FRANK D. CELEBREZZE, JR., J.:
{¶ 1} Appellant, Laurie Ann Burke, appeals the grant of summary judgment in *1246 favor of appellee, Giant Eagle, Inc. ("Giant Eagle"), in her negligence action that related to a slip and fall inside a Giant Eagle store. Burke claims there are material issues of fact that cannot be resolved in summary judgment. After a thorough review of the record and law, this court affirms.
I. Factual and Procedural History
{¶ 2} On October 28, 2013, Burke entered the Giant Eagle grocery store located at Legacy Village in Lyndhurst, Ohio. Burke was there to get a flu shot at the store's pharmacy. As she proceeded past the customer-service desk and cash-register area toward the pharmacy, she slipped and fell. After the fall, she noticed a sticky brown substance on the floor where she fell. A Giant Eagle employee, Anthony Mann, came over to Burke after the fall. He left, found some cleaning supplies, and cleaned up the roughly three-inch sticky brown spot. Burke asked to speak to a manager, and Sara Lane was summoned and spoke to Burke. An incident report was completed that documented the area of the fall, the nature of the liquid on the ground, and Burke's injuries.
{¶ 3} On October 12, 2015, Burke filed a negligence action against Giant Eagle. Giant Eagle answered and the case proceeded through discovery. On July 8, 2016, Giant Eagle filed a motion for leave to file a motion for summary judgment, with a motion for summary judgment attached. The trial court granted leave, and Burke filed an opposition brief. On September 16, 2016, the trial court issued a written decision and opinion granting Giant Eagle's motion. Burke then filed the instant appeal assigning a single error for review:
I. Summary judgment was not properly granted because a genuine issue of material fact exists regarding constructive notice.
II. Law and Analysis
{¶ 4} Burke argues that there are genuine issues of material fact that make summary judgment inappropriate in this case. She claims that it is premature to rule that Giant Eagle did not have constructive notice of the spill, and is thus responsible for her injuries sustained in the fall.
{¶ 5} Civ.R. 56(C) provides in part:
Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
{¶ 6} The inquiry in summary judgment is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " Grau v. Kleinschmidt , 31 Ohio St.3d 84, 91, 509 N.E.2d 399 (1987), quoting Anderson v. Liberty Lobby, Inc. , 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Under Civ.R. 56(C), the moving party must persuade the court that no genuine issue of material fact exists and the moving party is entitled to *1247 judgment. Celotex Corp. v. Catrett , 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In response, nonmoving parties may not merely rely on the pleadings, but must produce evidence permitted by Civ.R. 56(C) sufficient to establish a material question of fact exists that precludes judgment as a matter of law. Motes v. Cleveland Clinic Found ., 8th Dist. Cuyahoga No. 97090, 2012-Ohio-928, 2012 WL 760634, ¶ 5.
The non-moving party must produce more than a mere scintilla of evidence to support his claims. [ Anderson at 252, 106 S.Ct. 2505.] Furthermore, if the moving party has demonstrated that the non-moving party's claim is factually implausible, then the non-moving party must produce more persuasive evidence to support his claim. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp ., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 [ (1986) ].
Paul v. Uniroyal Plastics Co. , 62 Ohio App.3d 277, 282, 575 N.E.2d 484 (6th Dist. 1988). This court reviews decisions on summary judgment de novo, independently reviewing the record and arriving at our own conclusions without deference to the trial court's decision. Grafton v. Ohio Edison Co. , 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).
{¶ 7} Burke's negligence complaint is based on premises liability for a business invitee. A business owes its invitees a duty of ordinary care; the business must make the premises reasonably safe. Sidle v. Humphrey , 13 Ohio St.2d 45, 50, 233 N.E.2d 589 (1968). Invitees also must use ordinary care and avoid open and obvious dangers. Kokinos v. Ohio Greyhound, Inc. , 153 Ohio St. 435, 439, 92 N.E.2d 386 (1950). In order for a business invitee to recover for an injury sustained in the context of this case, the invitee is required to show that an employee of the business was negligent in creating a hazard, had actual notice of a hazard and failed to remedy it, or had constructive notice by allowing a hazard to exist for an unacceptable amount of time such that the hazard should have been remedied, but was not. Id. at 436, 92 N.E.2d 386, citing Johnson v. Wagner Provision Co. , 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).
{¶ 8} Here, Burke has offered no evidence that a Giant Eagle employee created the hazard that caused her fall. She has also not offered any evidence that a Giant Eagle employee had actual knowledge of the existence of the three-inch spot of a brown substance on the floor. She is left to argue constructive notice-that the spot existed for a sufficient length of time to give employees constructive notice of its existence and Giant Eagle breached its duty of ordinary care in failing to remedy this hazardous condition.
{¶ 9} In support, she argues that the substance was in a high-traffic area of the store between the customer-service counter and the cash registers. The spot was next to a type of cart that is regularly used by employees for merchandise that must be returned to store shelves after customers decide not to purchase an item while at the checkout counter. She further argues that when she entered the store there was no one walking in front of her and she did not see anyone, an employee or a customer, create the hazard, which means it was there prior to her entering the store. Under these circumstances, Burke asserts that there is a jury question as to whether the spot was on the floor for a sufficient length of time to impute notice.
{¶ 10} None of these arguments offers any indication of how long the substance was on the floor prior to her falling. Burke had entered the store only moments before she fell. The condition of the brown substance on the floor was not described in a *1248 manner that one could give an estimate of its age. Burke did not allege that the substance looked dried. She testified during her deposition that she speculated it had been there for a while because it was sticky. However, no one could identify the substance, so no one knows whether the substance was in its original condition when she slipped on it. Further, she acknowledged that there was no dirt, debris, or track marks, other than from her shoe, in the substance that could further indicate that the substance had been on the floor for some time.
{¶ 11} In contrast, testimony in the Kokinos case indicated that the substance on the steps and floor that caused a person to slip and fall was in a state of prolonged drying. Kokinos , 153 Ohio St. at 438, 92 N.E.2d 386. The Ohio Supreme Court found this evidence sufficient to reject a claim that the trial court should have granted a directed verdict in favor of the premises owner. Id. at 439, 92 N.E.2d 386. Burke has failed to come forward with any similar evidence that Giant Eagle had constructive notice of the existence of the caramelized substance on the floor of its store.
{¶ 12} Similarly, when a grocery store customer who was injured when she fell in a puddle of water failed to come forward with evidence going to the length of time the water existed on the floor, this court recently affirmed the grant of summary judgment in favor of the grocery store. Foradis v. Marc Glassman, Inc. , 8th Dist. Cuyahoga No. 103454, 2016-Ohio-5235, 2016 WL 4141289.
{¶ 13} This court has also previously held that where a plaintiff relies on constructive notice of the existence of a foreign substance on the floor, the plaintiff must come forward with some evidence concerning how long the substance existed on the floor. Corrado v. First Natl. Supermarkets , 8th Dist. Cuyahoga No. 69362, 1996 WL 221167, 3 (May 2, 1996), citing Combs v. First Natl. Supermarkets, Inc. , 105 Ohio App.3d 27, 30, 663 N.E.2d 669 (8th Dist. 1995). Burke has failed to fulfill this obligation.
{¶ 14} Burke argues in response that Giant Eagle failed to turn over video recordings of the incident and thus made this task difficult, if not impossible. However, she did not file a spoliation of evidence claim. Burke has no evidence that Giant Eagle failed to retain and turn over video recordings of the incident. Anthony Mann, a Giant Eagle employee deposed by Burke, stated that cameras did not exist in this area at the time of Burke's fall. Sara Lane, another Giant Eagle employee, testified she wasn't sure if cameras existed in the area at the time. Burke's attorney submitted an affidavit averring that he visited the store in 2016 and noticed 11 cameras at or near the location of the incident. That, however, does not demonstrate that Giant Eagle had cameras in this location in 2013. Burke's supposition that the area was subject to video surveillance is insufficient to constitute a material question of fact that would make summary judgment inappropriate.
{¶ 15} Burke also argues that Mann failed to follow Giant Eagle procedures for cleaning up the substance on the floor after she fell. However, any procedural violation of store policy after Burke fell is not particularly relevant to Burke's burden of coming forth with evidence of actual or constructive notice. Burke testified that she told Mann that the spot needed to be cleaned up. Mann responded by going to a back area, retrieving some paper towels, and wiping up the spot. She testified Mann was gone approximately 30 seconds.
{¶ 16} The Giant Eagle handbook detailing procedures for cleaning a liquid spill instructs employees to stand by the spill *1249 and notify another employee to retrieve equipment to clean the spill and place warning signs around the area. Burke argues that Mann left the substance rather than standing by and getting another employee to get equipment to clean up the spill.
{¶ 17} This failure to abide by the cleanup procedure had no bearing on Burke's fall. It provides no aid to her required showing of constructive notice of the spot on the floor. Burke has failed to produce any evidence that could be used to conclude that the spot had been present on the floor for a sufficient length of time as to impute notice to Giant Eagle. Her argument that any length of time in this case is sufficient to create a jury question is not supported by the case law in Ohio.
{¶ 18} Therefore, the trial court properly granted summary judgment and Burke's assigned error is overruled.
III. Conclusion
{¶ 19} The trial court properly determined that Giant Eagle had met its burden of demonstrating no genuine issue of material fact existed for trial, and Burke had not met her reciprocal burden of coming forward with evidence that Giant Eagle had created a hazard, or had actual or constructive notice of a three-inch spot of caramelized liquid on the floor of its store. Therefore, there were no genuine issues of material fact left to be resolved at trial. The trial court properly granted summary judgment in favor of Giant Eagle.
{¶ 20} Judgment affirmed.
TIM McCORMACK, P.J., and ANITA LASTER MAYS, J., CONCUR