[Cite as *Fitz Simon, Inc. v. JHG, Inc.* , 2019-Ohio-1125.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 107264

**FITZ SIMON, INC.**

PLAINTIFF-APPELLEE

vs.

**JHG, INC., ET AL.**

DEFENDANTS-APPELLANTS

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-878875

**BEFORE:** Laster Mays, P.J., E.A. Gallagher, J., and Sheehan, J.

**RELEASED AND JOURNALIZED:** March 28, 2019

-i-

**ATTORNEY FOR APPELLANTS**

James L. Miller
Buckley King, L.P.A.
1400 Fifth Third Center
600 Superior Avenue East
Cleveland, Ohio 44114


**ATTORNEYS FOR APPELLEE**

Henry J. Geha
John A. Borell
Anthony L. Hunter
Marshall & Melhorn, L.L.C.
Four Seagate, 8th Floor
Toledo, Ohio 43604


ANITA LASTER MAYS, P.J.:

{¶1} Defendants-appellants JHG, Inc., an Ohio corporation ("JHG"), Jedfrey Greene ("Jed Greene"), and Joshua Greene ("Josh Greene") (collectively "appellants") appeal the trial court's grant of summary judgment in favor of plaintiff-appellee Fitz Simon, Inc., an Ohio corporation ("Fitz") for breach of a promissory note against JHG, and breach by Jed Greene and Josh Greene of the note and the guaranty. The trial court's judgment is affirmed.

I.    **Background and Facts**

{¶2} On May 1, 2013, JHG executed and delivered to Fitz, a term note for $525,000. The note provided for equal monthly payments of $7,087.16 beginning June 1, 2013, with a final balloon payment of all outstanding principal and interest on June 1, 2018.

{¶3} The note was "issued in conjunction with a security agreement between the

borrower [JHG] and the creditor [Fitz]."

> The note, security agreement and the other agreements and documents executed and/or delivered in connection therewith or referred to therein, the terms of which are incorporated herein by reference (as amended, modified or renewed from time to time, collectively the "Loan Documents"), and is secured by the property (if any) described in the Loan Documents and by such other collateral as previously may have been or may in the future be granted to the Creditor to secure this Note.

Note, ¶ 4. The note was executed by Josh Greene as president of JHG. Also on May 1, 2013, a guaranty agreement was executed by Jed Greene and Josh Greene jointly, severally, and unconditionally guaranteeing payment of the note as primary obligors.

{¶4} On February 20, 2017, Fitz issued a notification of default of the note and the guaranty to appellants. The notice advised that JHG failed to make timely payments from October 2016 through February 2017. Fitz accelerated the note and demanded $290,935.53 plus late fees and interest. On April 13, 2017, Fitz filed suit against appellants.

{¶5} On May 12, 2017, appellants filed an answer generally denying the claims. Affirmative defenses included failure to join a necessary party. To that end, on May 23, 2017, appellants filed a motion to join Bar 145 Franchising, L.L.C. ("Bar 145") as a counter-defendant. Appellants argued that, rather than a stand-alone financial transaction, the note and guaranty were components of a larger transaction that must be factored into the decision in this case.

{¶6} On May 1, 2013, the same date that the note and guaranty were executed, JHG purchased a franchise restaurant located in Kent, Ohio ("Kent Franchise") from Fitz and Bar 145. The note and the guaranty are components of that transaction. As a result, appellants assert that they are entitled to advance the defenses available under the Ohio Business Opportunity Plans Act, R.C. 1334 ("BOPA").

{¶7} Specifically, appellants seek the protection of R.C. 1334.11 that provides:

a purchaser who executes an agreement selling or leasing to him a business opportunity plan or a note in connection with such an agreement may assert as a defense to a claim by a holder in due course, as defined in section 1303.32 of the Revised Code, any defense that the purchaser may assert against the seller of the business opportunity plan.

{¶8} On May 26, 2017, Fitz filed a motion for summary judgment that was held in abeyance by the trial court. On July 7, 2017, the trial court denied the joinder motion, holding that "[b]efore joining an additional party as a counterclaim defendant, a counterclaim must be asserted." Journal entry No. 99590169 (July 7, 2017), citing *Sippola v. Kennedy*, 8th Dist. Cuyahoga No. 77156, 2000 Ohio App. LEXIS 4301 (Sept. 21, 2000).

{¶9} On October 30, 2017, appellants filed an amended answer and counterclaim attaching the franchise documents. The counterclaims were based on the affiliate relationship and joint efforts of Fitz and Bar 145 to market and sell the Kent Franchise to appellants. The counterclaims were for failure to comply with the five-day cancellation notice provisions under BOPA sections R.C. 1334.05 and 1334.06. That failure, appellants argued, entitled them to relief under R.C. 1334.09, which states that a failure to comply with R.C. 1334.01 through 1334.15 entitles a purchaser to rescission of the agreement and damages. Appellants requested a declaratory judgment to that end.

{¶10} In addition to the franchise disclosure documents, appellants attached a copy of the franchise agreement and the purchase agreement. The purchase agreement is between JHG as the purchaser, and Fitz and Bar 145, collectively as the seller. Bar 145 owned the franchising rights, and Fitz owned and operated assets of the business such as the equipment, tables, chairs, signage, lease interest, and liquor license. Fitz opposed the joinder.

{¶11} On November 27, 2017, Fitz filed a motion to dismiss the counterclaims. Fitz did not deny that Bar 145 was an affiliated entity, and Fitz admitted that it was a prior owner of the

Kent Franchise. Fitz argued that it was not a party to the disclosure and franchise agreement so BOPA did not apply.

{¶12} On March 23, 2018, appellants filed a response to the motion for summary judgment. On March 30, 2018, the trial court dismissed the counterclaims for failure to state a claim upon which relief may be granted. The trial court held that Fitz "is an affiliate, and is neither a seller/franchisor nor broker under BOPA." Journal entry No. 103185302 (Mar. 30, 2018), p. 2.

{¶13} On May 3, 2018, the trial court granted the motion for summary judgment on the note and the guaranty. Appellants filed the instant appeal.

## II. Assigned Error and Analysis

### A. Standard of Review

{¶14} Appellants' single assigned error asserts that the trial court erred in granting the motion for summary judgment. This court finds that the error

lacks merit.

{¶15} We review a trial court's entry of summary judgment de novo, using the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Summary judgment may only be granted when the following are established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, and the conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in its favor. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64, 66, 375 N.E.2d 46 (1978); Civ.R. 56(C).

**{¶16}** The party moving for summary judgment bears the initial burden of apprising the trial court of the basis of its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact on an essential element of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). "Once the moving party meets its burden, the burden shifts to the nonmoving party to set forth specific facts demonstrating a genuine issue of material fact exists." *Willow Grove, Ltd. v. Olmsted Twp.*, 2015-Ohio-2702, 38 N.E.3d 1133 (8th Dist.), citing *Dresher* at *id*. "To satisfy this burden, the nonmoving party must submit evidentiary materials showing a genuine dispute over material facts." *Willow Grove* at ¶ 15, citing *PNC Bank v. Bhandari*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

**B.   Discussion**

**{¶17}** Appellants argue that genuine issues of material fact exist because the BOPA violations asserted in the amended answer and counterclaim were never addressed in Fitz's motion for summary judgment. The record reflects that the trial court denied appellants' motion to join Bar 145 as an additional counterclaim defendant because a pending counterclaim was a prerequisite to granting the motion. Journal entry No. 99590169 (July 7, 2017), citing *Sippola*, 8th Dist. Cuyahoga No. 77156, 2000 Ohio App. LEXIS 4301.

**{¶18}** Appellants then amended their answer and filed the BOPA counterclaim against Fitz only. Several days after appellants filed their opposition to summary judgment, the trial court determined that BOPA did not apply to Fitz because Fitz was not a seller as defined by BOPA:

> (A) "Seller" means a person who sells or leases a business opportunity plan. (B) "Purchaser" means a person to whom a business opportunity plan is sold or leased. (C) "Broker" means a person, other than a seller, who sells or leases,

offers for sale or lease, or arranges for the sale or lease of a business opportunity plan for a commission, fee, or anything of value. The Court finds that plaintiff Fitz Simon, Inc. is an affiliate, and is neither a seller/franchisor nor broker under BOPA.

Journal entry No. 103185302 (Mar. 30, 2018). The final judgment entry in this case also notes that "pursuant to this court's 3/30/18 judgment entry, defendants' counterclaims were dismissed." Journal entry No. 103661230 (May 3, 2018).

**{¶19}** The two counts of the complaint in this case charged breach of the note by JHG and breach of the guaranty by Josh Greene and Jed Greene. The breach of the note and guaranty is governed by contract law. Fitz was required to establish that a contract existed, Fitz performed its part of the contract, appellants breached the contract, and Fitz was damaged as a result. *Chattree v. Chattree*, 8th Dist. Cuyahoga No. 95051, 2011-Ohio-1925, ¶ 19, citing *Jarupan v. Hanna*, 173 Ohio App.3d 284, 2007-Ohio-5081, 878 N.E.2d 66, ¶ 18 (10th Dist.).

**{¶20}** Fitz presented executed copies of the note and the guaranty, as well as a copy of the notice of default and demand for payment in support of its motion to suppress. The motion was also accompanied by an affidavit from the president of Fitz setting forth the facts supporting the requisite elements for a contract claim. Fitz established a prima facie case for breach of contract for the note and the guaranty, shifting the burden to appellants under Civ.R. 56 to "submit evidentiary materials showing a genuine dispute over material facts." *Willow Grove*, 2015-Ohio-2702, 38 N.E.3d 1133, at ¶ 15, citing *PNC Bank*, 6th Dist. Lucas No. L-12-1335, 2013-Ohio-2477.

**{¶21}** Appellants did not challenge the validity of the note and the guaranty in their reply. Instead, appellants relied solely on their asserted entitlement to a BOPA defense as a

genuine issue of material fact. Appellants failed to support their response with an affidavit or

other evidentiary materials.

> "The non-moving party must produce more than a mere scintilla of evidence to support his claims. *Anderson* [*v. Liberty Lobby, Inc.*, 477 U.S. 242,] 252, [106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).] Furthermore, if the moving party has demonstrated that the non-moving party's claim is factually implausible, then the non-moving party must produce more persuasive evidence to support his claim. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)."

*Burke v. Giant Eagle, Inc.*, 2017-Ohio-4305, 91 N.E.3d 1245, ¶ 6 (8th Dist.), quoting *Paul v. Uniroyal Plastics Co.*, 62 Ohio App.3d 277, 282, 575 N.E.2d 484 (6th Dist.1988).

{¶22} "If one's case is supported only by a 'scintilla' of evidence, or if his evidence is 'merely colorable' or not 'significantly probative,' summary judgment should be entered." *Buckeye Union Ins. Co. v. Consol. Stores Corp.,* 68 Ohio App.3d 19, 22, 587 N.E.2d 391 (10th Dist.1990). This court finds that, construing the evidence most strongly in appellants' favor, appellants have failed to demonstrate the existence of a genuine issue of material fact. The trial court's grant of summary judgment to Fitz as a matter of law is affirmed.

{¶23} The trial court's judgment is affirmed.

It is ordered that appellee recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

ANITA LASTER MAYS, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR