[Cite as *Davis v. Snack Shak*, 2019-Ohio-1887.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| JOCHELLE DAVIS, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 107376 |
| v. | : | |
| SNACK SHACK (OPEN PANTRY), | : | |
| Defendant-Appellee. | : | |

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** May 16, 2019

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-17-880149

### *Appearances:*

Trivers & Dickerson, L.L.C., and Oscar Trivers, *for appellant.*

Gallagher Sharp, L.L.P., and Abigail A. Greiner, Alan M. Petrov, Richard C.O. Rezie, and James T. Tyminski, *for appellee.*

EILEEN T. GALLAGHER, P.J.:

{¶ 1}  Plaintiff-appellant, Jochelle Davis, appeals from the trial court's judgment granting summary judgment in favor of defendant-appellee, Garfield

Corner Market, Inc., d.b.a. Snack Shack ("defendant"). Davis raises the following assignment of error for review:

> The trial court erred in granting Defendant's motion for summary judgment. The ruling of the trial court is contrary to law.

{¶ 2} After careful review of the record and relevant case law, we affirm the trial court's judgment.

## I. Procedural and Factual History

{¶ 3} In May 2017, Davis filed a negligence action against defendant, alleging that on September 7, 2016, she sustained injuries after she slipped and fell on a wet floor inside defendant's store. The complaint set forth a cause of action for negligence and sought damages in the amount of $100,000.

{¶ 4} In June 2017, defendant filed an answer to the complaint. In March 2018, defendant filed a motion for summary judgment, arguing that Davis's complaint failed to establish that defendant "created the condition or that it had actual or constructive knowledge of the allegedly hazardous condition." Defendant supported its motion with portions of Davis's deposition transcript. At her deposition, Davis testified that she visited defendant's store to purchase a two liter of soda. She stated that as she was walking away from the store's cooler, "she fell on the floor." Davis explained that she slipped on a clear liquid that was on the floor near the cooler. Relevant to this appeal, Davis provided the following testimony:

DEFENSE COUNSEL: Do you know how the liquid got on the floor?

DAVIS: No.

DEFENSE COUNSEL: Did you see anybody spill it?

DAVIS: No.

DEFENSE COUNSEL: Did you see anybody from the Snack Shack around that area right before you fell?

DAVIS: No.

* * *

DEFENSE COUNSEL: Was there anything preventing you from seeing liquid on the floor?

DAVIS: No.

* * *

DEFENSE COUNSEL: Okay. Do you have any idea what it was or how it got there?

DAVIS: No. All I know, it was clear.

{¶ 5} In April 2018, Davis filed a brief in opposition to defendant's motion for summary judgment. In her motion, Davis reiterated the allegations set forth in her complaint and argued that there are issues of material fact "that should be determined by a judge or jury." Regarding defendant's knowledge of the allegedly hazardous condition, Davis asserted that "on her way out the store, she was told by an employ[ee] that the management had known about the wet conditions of the floor, prior to the incident."

{¶ 6} In support of her brief in opposition, Davis attached unauthenticated medical records from Marymount Hospital and Bedford Chiropractic & Effective

Rehabilitation. The medical records reflect that Davis visited Marymount Hospital on September 8, 2016, and reported injuries to her left leg following a fall in a grocery store. Subsequently, Davis visited a chiropractor on November 11, 2016, and reported soreness in her "thoracic, lower thoracic" region.

{¶ 7} Defendant filed a reply brief in support of its motion for summary judgment. In the reply brief, defendant argued that it was entitled to judgment as a matter of law because Davis failed to set forth any evidence or legal arguments to satisfy her reciprocal burden to demonstrate that there is a genuine issue for trial. Defendant asserted that Davis's opposition brief failed to cite to "any properly supported Civ.R. 56(C) evidence" and relied on "unsupported, self-serving" statements "regarding a conversation [she had] with an unnamed phantom person who she conveniently claims worked at [defendant's store]."

{¶ 8} In response to defendant's reply brief, Davis submitted, without leave of court, an affidavit in support of her brief in opposition to summary judgment. In the affidavit, Davis averred that she slipped and fell while shopping in defendant's store. She stated that she "fell due to a liquid being on the floor causing the floor to be slippery." Davis further alleged that she "incurred injuries to various parts of [her] body" and that an "employee at the store told [her] that the water was coming from the cooler and it had been doing that for some period of time."

{¶ 9} In May 2018, the trial court granted summary judgment in favor of defendant stating, in relevant part:

The court, having considered all the evidence and having construed the evidence most strongly in favor of the non-moving party, determines that reasonable minds can come to but one conclusion, that there are no genuine issues of material fact, and that defendant is entitled to judgment as a matter of law.

Plaintiff has failed to put forth any credible or admissible evidence that defendant created the hazard complained of or had actual or constructive notice of the alleged dangerous condition to create a genuine issue of material fact to overcome summary judgment. *See Johnson v. Wagner Provision Co.*, 141 Ohio.St. 584, 49 N.E.2d 925 (1943); *Burke v. Giant Eagle, Inc.*, 8th Dist. Cuyahoga No. 105058, 2017-Ohio-4305, 91 N.E.3d 1245. Summary judgment is therefore entered in favor of defendant and against plaintiff.

{¶ 10} Davis now appeals from the trial court's judgment.

## II. Law and Analysis

{¶ 11} In her sole assignment of error, Davis argues the trial court erred in granting summary judgment in favor of defendant. Davis contends "there are clear issues to be decided by the judge or jury."

{¶ 12} We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and conduct an independent review of the record to determine whether summary judgment is appropriate.

{¶ 13} Under Civ.R. 56, summary judgment is appropriate when no genuine issue exists as to any material fact and, viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only one conclusion that is

adverse to the nonmoving party, entitling the moving party to judgment as a matter of law.

{¶ 14} A moving party seeking summary judgment carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial. *Id.* at 293. Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Id.*

{¶ 15} To defeat a motion for summary judgment on a negligence claim, the nonmoving party must establish that a genuine issue of material fact remains as to whether (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty; and (3) the breach of duty proximately caused the plaintiff's injury. *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680, 693 N.E.2d 271 (1998).

{¶ 16} While not specifically stated in her complaint or opposition brief, Davis's negligence complaint appears to be based on premises liability for a business invitee. In this case, there is no dispute that Davis was a business invitee.

{¶ 17} In general, a business owner owes business invitees a duty of ordinary care in maintaining the premises in a reasonably safe condition so that its customers are not unnecessarily and unreasonably exposed to danger. *Paschal v.*

*Rite Aid Pharmacy, Inc.*, 18 Ohio St.3d 203, 203, 480 N.E.2d 474 (1985). In addition, "[a] premises owner is obligated to warn invitees of latent or concealed dangers if the owner knows, or has reason to know, of hidden dangers". *Carlo v. Kohl's Dept. Stores, Inc.*, 8th Dist. Cuyahoga No. 105725, 2017-Ohio-8173, ¶ 8, citing *Rogers v. Sears, Roebuck & Co.,* 1st Dist. Hamilton No. C-010717, 2002-Ohio-3304, ¶ 3. However, a business owner is not an insurer of its invitee's safety. *Paschal* at 203. Where a hazard is not hidden from view or concealed and is discoverable by ordinary inspection, a trial court may properly sustain a motion for summary judgment made against the claimant. *Parsons v. Lawson Co.*, 57 Ohio App.3d 49, 566 N.E.2d 698 (5th Dist.1989).

{¶ 18} It is well settled in Ohio that in order for a business invitee to show the premises owner breached its duty of care, one of the following must be established:

> 1. That the defendant through its officers or employees was responsible for the hazard complained of; or
>
> 2. That at least one of such persons had actual knowledge of the hazard and neglected to give adequate notice of its presence or remove it promptly; or
>
> 3. That such danger had existed for a sufficient length of time reasonably to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care.

*Asmis v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 82932, 2003-Ohio-6499, ¶ 27-30, quoting *Combs v. First Natl. Supermarkets, Inc.*, 105 Ohio App.3d 27, 29,

663 N.E.2d 669 (8th Dist.1995), citing *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).

{¶ 19} On appeal, Davis briefly argues that "there are clear issues to be decided by the judge or jury" where the evidence suggests that (1) Davis fell in defendant's store, (2) there was a foreign substance on the floor, (3) said substance was a clear liquid that was not easily visible to Davis, and (4) defendant had previous knowledge of the poor condition of the floor.

{¶ 20} After careful consideration, we find Davis's position to be unpersuasive. In this case, the deposition evidence attached to defendant's motion for summary judgment demonstrated that Davis (1) did not know how the liquid got on the floor, (2) did not see anyone spill the liquid, (3) did not see an employee of the store in the area before she fell, (4) did not have anything preventing her from seeing liquid on the floor, and (5) did not know what the liquid was. Significantly, Davis's deposition testimony lacked any assertion that defendant "had previous knowledge of the poor condition of the floor," as Davis now states on appeal.

{¶ 21} We recognize that Davis's deposition testimony certainly created the inference that she fell inside the store and that a liquid was present on the store's floor at the time of her fall. However, a successful negligence action "requires a plaintiff to demonstrate more than the existence of a hazard." *Foradis v. Marc Glassman, Inc.*, 8th Dist. Cuyahoga No. 103454, 2016-Ohio-5235, ¶ 21. In addition, the mere happening of an accident does not give rise to a presumption of negligence. *K.S. v. Pla-Mor Roller Rink*, 8th Dist. Cuyahoga No. 103139, 2016-Ohio-815, ¶ 13,

citing *Parras v. Std. Oil Co.*, 160 Ohio St. 315, 116 N.E.2d 300 (1953). Rather, "there must be direct proof of a fact from which the inference can reasonably be drawn." *Parras* at 319.

{¶ 22} Collectively, we find the evidence attached to defendant's motion for summary judgment established that Davis could produce no "direct proof of fact" that defendant breached its duty of care. As stated, Davis admitted during her deposition that she did not know the how the liquid got on the floor, how long the liquid was on the floor, or what caused the liquid to be on the floor. In addition, Davis provided no testimony indicating that anyone from the store knew about the liquid. *See Burke*, 8th Dist. Cuyahoga No. 105058, 2017-Ohio-4305, at ¶ 13 ("where a plaintiff relies on constructive notice of the existence of a foreign substance on the floor, the plaintiff must come forward with some evidence concerning how long the substance existed on the floor.").

{¶ 23} Under these circumstances, we find the foregoing evidence demonstrated that Davis had no evidence to suggest a store employee created the hazard that caused her fall, a store employee had actual knowledge of the hazard, or that the danger existed for a sufficient length of time to justify the inference that the failure to warn against it or remove it was attributable to a want of ordinary care. Accordingly, we find defendant met its initial burden of pointing to evidence that established its entitlement to judgment as a matter of law on Davis's negligence claim.

{¶ 24} In contrast, Davis failed to meet her reciprocal burden of proof. Here, Davis's brief in opposition to summary judgment relied entirely on unauthenticated medical records and a self-serving affidavit. While the medical records reflect the course of treatment Davis pursued, they do not contain any information relating to whether defendant complied with its duty as a business owner. They are therefore irrelevant to the disputed elements of Davis's negligence claim. Moreover, at the time the records were submitted with the court, they were not incorporated by reference in a properly framed affidavit and, therefore, did not qualify as proper evidence under Civ.R. 56(C). *See* Civ.R. 56(E).

{¶ 25} Davis's self-serving affidavit is equally unpersuasive. Initially, we note that Davis's supplemental affidavit was filed out of rule and without leave of court. Nevertheless, even if this court were to consider the untimely filing, we find the supplemental affidavit fails to raise genuine issues of material fact.

{¶ 26} In her affidavit, Davis did not present any facts to suggest an employee of defendant's business was negligent in creating a hazard. Instead, she alleges in her affidavit, for the first time, that defendant had actual knowledge of the hazard and neglected to remedy the condition based on an alleged statement made to her by an employee of the defendant's store. Significantly, Davis's averment that an employee informed her that "the water was coming from the cooler and it had been doing that for some period of time," is in stark contrast to her deposition testimony that she did not know what the liquid was or how it got on the floor.

{¶ 27} An "affidavit of a party opposing summary judgment that contradicts former deposition testimony of that party may not, without sufficient explanation, create a genuine issue of material fact to defeat the motion for summary judgment." *Gessner v. Schroeder*, 2d Dist. Montgomery No. 21498, 2007-Ohio-570, ¶ 53, citing *Byrd v. Smith*, 110 Ohio St.3d 24, 28, 2006-Ohio-3455, 850 N.E.2d 47, paragraph three of the syllabus. Furthermore, "a non-movant's own self-serving assertions, whether made in an affidavit, deposition or interrogatory responses, cannot defeat a well-supported summary judgment when not corroborated by any outside evidence." *Schlaegel v. Howell*, 2015-Ohio-4296, 42 N.E.3d 771, ¶ 23 (2d Dist.), quoting *White v. Sears, Roebuck & Co.*, 10th Dist. Franklin No. 10AP-294, 2011-Ohio-204, ¶ 9. As this court has explained:

> [W]hen the moving party puts forth evidence tending to show that there are no genuine issues of material fact, the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party. To conclude otherwise would enable the nonmoving party to avoid summary judgment in every case, crippling the use of Civ.R. 56 as a means to facilitate the early assessment of the merits of claims, pre-trial dismissal of meritless claims, and defining and narrowing issues for trial.

*Telecom Acquisition Corp. I v. Lucic Ents., Inc.*, 8th Dist. Cuyahoga No. 102119, 2016-Ohio-1466, ¶ 92, citing *Bank One, N.A. v. Burkey*, 9th Dist. Lorain No. 99 CA007359, 2000 Ohio App. LEXIS 2517 (June 14, 2000).

{¶ 28} In this case, Davis has not provided a sufficient explanation for the inconsistencies in her deposition testimony and the averments made in her affidavit. Furthermore, Davis has not attempted to support her averment regarding the store

employee's alleged knowledge of the hazard with any additional facts or corroborating evidence.  Under these circumstances, we are unable to conclude that Davis's affidavit creates a genuine issue of fact for trial.  Accordingly, the trial court did not err by entering summary judgment in favor of defendant.

{¶ 29} Davis's sole assignment of error is overruled.

{¶ 30} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EILEEN T. GALLAGHER, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
LARRY A. JONES, SR., J., CONCUR