[Cite as *DiCarlo v. Fairview Hosp.*, 2022-Ohio-75.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

YOLANDA DICARLO,                          :

    Plaintiff-Appellant,          :

                                      No. 110766

    v.                            :

FAIRVIEW HOSPITAL, ET AL.,                :

    Defendants-Appellees.         :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 13, 2022

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-20-927825

---

### *Appearances:*

Daniel Mark Katz Co., L.P.A., and Murray Richelson, *for appellant*.

Bonezzi Switzer Polito & Hupp Co., L.P.A., Brian F. Lange, and Bret C. Perry, *for appellees*.

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} Plaintiff-appellant Yolanda DiCarlo ("appellant") brings this appeal challenging the trial court's judgment granting summary judgment in appellant's negligence action in favor of defendants-appellees, Fairview Hospital and Cleveland Clinic Health System (collectively "defendants"). Appellant argues that the trial

court erred in granting defendants' motion for summary judgment because genuine issues of material fact existed regarding whether defendants created the hazard and had notice that the hazard existed. After a thorough review of the record and law, this court affirms.

## I. Factual and Procedural History

{¶ 2} This appeal arose from an incident that occurred at Fairview Hospital in Cleveland, Ohio on June 6, 2016. Appellant was visiting her sister at the hospital. As appellant was walking through the hospital's concourse, she slipped and fell on the floor. As a result of the fall, appellant sustained injuries to her neck and left knee.

{¶ 3} On May 10, 2018, in Cuyahoga C.P. No. CV-18-897503, appellant filed a complaint against defendants and the Ohio Department of Medicaid. Appellant asserted a cause of action for negligence and a claim for subrogation or reimbursement of medical expenses pursuant to R.C. 5101.58 and 5101.59. On March 12, 2019, appellant voluntarily dismissed the case pursuant to Civ.R. 41(A).

{¶ 4} On January 14, 2020, in Cuyahoga C.P. No. CV-20-927825, appellant refiled her complaint against defendants only. Appellant asserted a single cause of action for negligence.

{¶ 5} Appellant filed an amended complaint on January 17, 2020, against defendants and appellant's health insurer, new party defendant Ohio Department of Medicaid. Appellant asserted a cause of action for negligence and denied that she

would owe any funds recovered from defendants to Ohio Tort Recovery Unit or Ohio Department of Medicaid.

{¶ 6} The Ohio Department of Medicaid filed an answer and a cross-claim against defendants on February 5, 2020. In its cross-claim, the Ohio Department of Medicaid asserted that it was entitled to recover from defendants the expenses for medical services and care pursuant to R.C. 5160.37. Defendants filed an answer to appellant's complaint and the Department of Medicaid's cross-claim on February 13, 2020.

{¶ 7} The parties attempted to resolve the dispute through mediation in September 2020. The parties were unable, however, to settle the dispute in mediation.

{¶ 8} On June 17, 2021, defendants filed a motion for summary judgment. Therein, defendants argued that appellant "failed to present any facts establishing the existence of a hazard, let alone any evidence to support her claims that [d]efendants breached any duty owed to her or were otherwise negligent in any manner at the time of her purported fall." In support of its motion for summary judgment, defendants submitted the transcript from appellant's February 18, 2019 deposition.

{¶ 9} Appellant testified during her deposition that (1) she did not see any water or moisture on the floor where she fell, (2) no one from the hospital ever told her that the floor where she fell had just been cleaned, and (3) there was no indication that there was anything wrong with, or unsafe, about the floor upon which

she fell. Appellant also conceded that she did not know what caused her to fall. (Tr. 36.) Although appellant alleged in her complaint that "she slipped on water on the floor," appellant acknowledged during her deposition that she was making an assumption or guessing that the area where she fell was wet or had just been washed. (Tr. 55.)

{¶ 10} The parties again attempted to resolve the dispute through mediation in July 2021. The second attempt to resolve the case in mediation was also unsuccessful.

{¶ 11} On July 19, 2021, appellant filed a brief in opposition to defendants' summary judgment motion. Therein, appellant requested that the trial court take judicial notice of the fact that "normal people do not fall for no reason." Appellant argued that defendants created the hazardous condition and, as a result, had actual notice of the hazard as a matter of law. Specifically, appellant asserted that hospital employees created the hazardous condition by cleaning or buffing the floor approximately 20 feet away from where she fell.

{¶ 12} Appellant also appeared to argue that a genuine issue of material fact existed regarding whether the floor was, in fact, wet, and that the information in the Cleveland Clinic Police's June 6, 2016 incident report was more reliable than appellant's deposition testimony regarding whether the floor where she fell was wet. Finally, appellant appeared to allege that the employee that authored the incident report (Sergeant Audrey Fielding) or the employee referenced in the incident report

(Security Officer Jadick) were biased and may have been "acting for loss prevention."

{¶ 13} In support of her brief in opposition, appellant submitted the incident report, authored by Sergeant Audrey Fielding. Appellant did not submit any other evidence, such as an affidavit, permitted under Civ.R. 56(C).

{¶ 14} The "narrative" section of the incident report provides, in relevant part:

> On June 6, 2016 at approximately [8:15 p.m.], while working in the Security Office I looked up to see a female on the floor of the main concourse and Security Officer Jadick standing next to her gesturing for help. I went to the area to assist. The visitor, identified as Yolanda DiCarlo, stated her "knee gave out" while walking across the corridor. DiCarlo state[d] she felt her foot slipped on something and *she believed it was water*. The floor in the immediate area was inspected by both myself and Security Officer Jadick. *We did not find evidence of water on the floor.* Although [environmental services] personnel were cleaning the floors farther down the corridor, and wet signs were in place, *the area where DiCarlo fell was not wet.* Pictures of the floor were taken and uploaded to this report.
>
> * * * I assisted DiCarlo in getting to [her sister's room]. Along the way she stated that she thought the wet floor signs should have been placed closer together. * * *

(Emphasis added.)

{¶ 15} Appellant only submitted one page of the three-page incident report with her motion for summary judgment. The page that appellant attached to her motion for summary judgment contained the narrative completed by Sergeant Fielding. The incident report also contained a handwritten narrative that appellant provided at the time of the incident. Appellant identified her written statement

during her deposition, and confirmed that it was her handwriting on the report. Appellant's written statement provided, in relevant part,

> I was visiting my sister on floor three, and I had a few bags in my hand and was with my ten-year-old daughter. We were talking and walking. The next thing I knew, I slipped on the floor due to *I guess it was just washed* and there were no signs where I fell. Otherwise, I would have made sure we were both very careful, but there was nothing out by where I fell. We were not running or anything, just normal walking.

(Emphasis added.) (Tr. 53-54.) Regarding her "guess" that the floor had just been washed, appellant explained that no one told her the floor or area where she fell had just been washed and that she was making an assumption that the floor had just been washed because when she got up from her fall she saw an employee cleaning the floor approximately 20 feet away. (Tr. 55.)

{¶ 16} On July 23, 2021, defendants filed a reply brief in support of its motion for summary judgment. Therein, defendants argued that appellant's negligence claim failed as a matter of law based on appellant's failure to present any evidence demonstrating that a hazard existed or what caused her to fall. Defendants again emphasized that appellant testified during her deposition that she had no idea what caused her to fall.

{¶ 17} On July 26, 2021, the trial court granted defendants' motion for summary judgment. The trial court's judgment entry provides, in relevant part,

> This is a premises liability lawsuit by [appellant] after she fell and injured herself at the defendants' hospital. The defendants have moved for summary judgment on the grounds that [appellant] has no evidence that a hazardous condition existed, much less caused her fall. [Appellant] opposes summary judgment, arguing, among other things, that "normal people do not fall for no reason." That may be true, but in

order to recover in a premises liability lawsuit, a plaintiff must show that the "reason" was a hazard that a defendant created or knew of in sufficient time to eliminate it. Here, there is no evidence at all of a hazard leaving no genuine issue of material fact for resolution by a finder of fact at trial. The motion for summary judgment of defendants Fairview Hospital and The Cleveland Clinic Health System, filed 06/17/2021, is therefore granted.

{¶ 18} On August 23, 2021, appellant filed the instant appeal. Appellant assigns two errors for review:

> I. The trial court erred by granting summary judgment where there are genuine issues of material fact to be decided by the jury.

> II. The trial court erred by not holding that the defendant hospital created the hazardous condition and therefore had notice of it.

## II. Law and Analysis

## A. Summary Judgment

{¶ 19} Appellant's assignments of error are interrelated because they both challenge the trial court's judgment granting summary judgment in favor of defendants on her negligence claim. Accordingly, appellant's assignments of error will be addressed together.

### 1. Standard of Review

{¶ 20} Summary judgment, governed by Civ.R. 56, provides for the expedited adjudication of matters where there is no material fact in dispute to be determined at trial. In order to obtain summary judgment, the moving party must show that "(1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion when viewing evidence in favor

of the nonmoving party, and that conclusion is adverse to the nonmoving party." *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996), citing *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.*, 69 Ohio St.3d 217, 219, 631 N.E.2d 150 (1994).

{¶ 21} The moving party has the initial responsibility of establishing that it is entitled to summary judgment. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "[I]f the moving party meets this burden, summary judgment is appropriate only if the nonmoving party fails to establish the existence of a genuine issue of material fact." *Deutsche Bank Natl. Trust Co. v. Najar*, 8th Dist. Cuyahoga No. 98502, 2013-Ohio-1657, ¶ 16, citing *Dresher* at 293.

{¶ 22} Once the moving party demonstrates no material issue of fact exists for trial and the party is entitled to judgment, the burden shifts to the nonmoving party to put forth evidence demonstrating the existence of a material issue of fact that would preclude judgment as a matter of law. *Dresher* at *id.* In order to meet his or her burden, the nonmoving party may not merely rely upon allegations or denials in his or her pleadings, and must set forth specific facts, by affidavit or as otherwise provided in Civ.R. 56(E), demonstrating the existence of a genuine issue of material fact for trial. *See Houston v. Morales*, 8th Dist. Cuyahoga No. 106086, 2018-Ohio-1505, ¶ 7, citing *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 667 N.E.2d 1197 (1996). Summary judgment is appropriate if the nonmoving party fails to meet this burden. *Dresher* at *id.*

## 2. Negligence

{¶ 23} Appellant's negligence claim is based on premises liability for a business invitee. Appellant alleged in her complaint that her injuries were a direct and proximate result of defendants' negligence.

{¶ 24} In order to establish an actionable negligence claim, a plaintiff must show the existence of a duty, a breach of that duty, and resulting proximate injury. *Mussivand v. David*, 45 Ohio St.3d 314, 318, 544 N.E.2d 265 (1989). Duty is the threshold issue in the context of a negligence claim — if there is no duty, there can be no negligence. *See Kumar v. Sevastos*, 2021-Ohio-1885, 174 N.E.3d 398, ¶ 28 (8th Dist.), citing *Armstrong v. Best Buy Co.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 13.

{¶ 25} It is undisputed that appellant was an invitee of the hospital. An invitee is a person who enters another's property by invitation, express or implied, for a purpose that is beneficial to the property owner. *Light v. Ohio Univ.*, 28 Ohio St.3d 66, 68, 502 N.E.2d 611 (1986). The owner owes a duty to "exercise ordinary care and to protect the invitee by maintaining the premises in a safe condition." *Id.*, citing *Presley v. Norwood*, 36 Ohio St.2d 29, 31, 303 N.E.2d 81 (1973); *see also Motes v. Cleveland Clinic Found.*, 8th Dist. Cuyahoga No. 97090, 2012-Ohio-928, ¶ 9 ("[I]n the absence of proof that the owner or its agents created the hazard, or that the owner or its agents possessed actual or constructive knowledge of the hazard, no liability may attach.").

{¶ 26} In order for appellant, a business invitee, to recover for the injuries she sustained at the hospital, appellant is required to show that defendants were negligent in creating a hazard, had actual notice of a hazard and failed to remedy it, or had constructive notice by allowing a hazard to exist for an unacceptable amount of time such that the hazard should have been remedied, but was not. *Burke v. Giant Eagle, Inc.*, 2017-Ohio-4305, 91 N.E.3d 1245, ¶ 7 (8th Dist.), citing *Kokinos v. Ohio Greyhound, Inc.*, 153 Ohio St. 435, 436, 92 N.E.2d 386 (1950), and *Johnson v. Wagner Provision Co.*, 141 Ohio St. 584, 589, 49 N.E.2d 925 (1943).

{¶ 27} Appellant offered no evidence that a hazard existed. The record reflects that appellant's deposition testimony directly contradicted the allegations in her amended complaint. Appellant alleged in her amended complaint that "she slipped on water on the floor and fell." *Id.* at ¶ 1. Appellant testified during her deposition, however, that she did not see any water or moisture on the floor where she fell, she did not observe anything wrong with or unsafe about the floor, she did not know what caused her to fall, and hospital staff did not tell her that the floor was wet or that anything was unsafe about the floor. Appellant was merely assuming or guessing that the floor where she fell was wet.

{¶ 28} The record reflects that appellant failed to identify or explain the reason for her fall. "[T]he failure to identify or explain the reason for a fall while a plaintiff is on a property owned by a defendant precludes a finding that the defendant acted negligently." *Smith v. Zuchowski*, 8th Dist. Cuyahoga No. 101043,

2014-Ohio-4386, ¶ 19, citing *Bailey v. St. Vincent DePaul Church*, 8th Dist. Cuyahoga No. 71629, 1997 Ohio App. LEXIS 1884 (May 8, 1997).

{¶ 29} In this case, appellant relied on the incident report in opposing defendants' motion for summary judgment. The incident report and appellant's deposition testimony demonstrate, at best, that appellant "believed," guessed, or assumed that she slipped on water. However, the report goes on to unequivocally state that the floor where appellant fell was inspected and neither Sergeant Fielding nor Security Officer Jadick found evidence of water on the floor. As noted above, appellant acknowledged during her subsequent deposition that she did not know what caused her to fall. She confirmed that she did not see a wet spot or standing water on the floor, she did not see any moisture on the floor, and she did not see that her clothes were wet after she fell.

{¶ 30} Appellant could only speculate about the cause of her fall, and she ultimately opined that her fall was caused by a wet floor. We emphasize, again, that appellant did not know what caused her to fall, and she did not see water or moisture on the floor — either before or after she fell. Her clothes were not wet after she fell. Appellant was questioned about the incident report and Sergeant Fielding's narrative during her deposition. When appellant was asked if she believed that she slipped on water, appellant testified, "I thought that was probably what it had to have been." (Tr. 47.)

{¶ 31} Appellant merely speculated that the floor was wet based on her observation that an employee was buffing the floor approximately 20 feet away.

Appellant acknowledged during her deposition that she had "no idea" if the employee that was buffing the floor 20 feet away also buffed the area where she fell. Appellant also explained that she did not know whether the employee was cleaning the floors with water: "And I put water down on [the incident report] when I wrote my statement because when I had got up and I saw the guy doing whatever he was doing, I didn't know what he was cleaning the floors with. I had no idea." (Tr. 40.)

{¶ 32} Appellant's attempt to assert that it is possible that the floor was wet because an employee was buffing the floor nearby is insufficient to meet her burden of demonstrating the existence of a genuine issue of material fact. Appellant failed to present any evidence that the floor was, in fact, wet and that the wet floor caused her to slip and fall.

{¶ 33} For all of the foregoing reasons, we find that appellant's negligence claim fails as a matter of law. Appellant failed to demonstrate, through Civ.R. 56(C) evidence, the requisite element of a hazard that existed on defendants' premises, much less a hazard that defendants either created or had knowledge of. Accordingly, appellant failed to satisfy her burden of demonstrating the existence of a genuine issue of material fact that precluded summary judgment in defendants' favor. The trial court properly granted defendants' motion for summary judgment.

{¶ 34} Appellant's assignments of error are overruled.

{¶ 35} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
EMANUELLA D. GROVES, J., CONCUR